[No. 35531. Department One. May 4, 1961.]

PAUL L. CONKLIN, *Appellant*, v. THE CITY OF SEATTLE *et al.*, *Respondents.**

*Reported in 361 P. (2d) 578.

*Jack Steinberg,* for appellant.

*A. C. Van Soelen, John A. Logan,* and *Robert Ward Freedman,* for respondents.

HILL, J.—The plaintiff, while out in the street between intersections and not at a crosswalk, was struck by one of the Seattle transit busses and brings this action to recover damages for the injuries sustained.

Being contributorily negligent, in having failed to yield the right of way to the bus, as required by a Seattle ordinance and RCW 46.60.250, the plaintiff relied primarily upon the doctrine of last clear chance. From a judgment of dismissal, after a verdict for the defendants (the city and the bus driver), he appeals, asking for a new trial on the grounds of misconduct by defense counsel and inadequate instructions on last clear chance.

The alleged misconduct of defense counsel occurred during the cross-examination of the plaintiff's first witness, Mrs. Conklin. Counsel for plaintiff had devoted much time to developing the fact that, except for being laid off for lack of work, plaintiff had always worked regularly and steadily. On cross-examination she was asked:

"Isn't it a fact, Mrs. Conklin, that on February 15, 1956, some short six months before the accident, you had him thrown in jail?"

An objection was sustained. The jury was excused while plaintiff's counsel argued his motion for a mistrial. During the argument defense counsel offered to prove that when the plaintiff was purportedly working, in February, 1956, he was actually in jail. This offer was refused.

We will assume, as urged by the plaintiff, that

through this question defense counsel was not as concerned with trying to impeach Mrs. Conklin's testimony as to the plaintiff's regularity at work, as with trying to discredit him in the eyes of the jury by showing that he was a wife beater. (This characterization of the offense is that of the plaintiff's counsel, and was used in the absence of the jury.) It being obvious that he could not be working regularly if he was in jail, the question asked was relevant (*Fleming v. Seattle* (1954), 45 Wn. (2d) 477, 275 P. (2d) 904), and it was not misconduct to ask it. As we indicated in *State v. Goebel* (1950), 36 Wn. (2d) 367, 218 P. (2d) 300, it is for the trial court to determine whether the peg of relevancy is too much obscured by the dirty linen hung upon it. The trial court exercised a proper discretion in sustaining the objection to the question, and, upon the jury's return, instructed them to disregard the question and "forget that it was ever asked."

This instruction was adequate protection against any prejudice arising from the asking of the question. No attempt was made to evade the court's ruling.

The motion for a mistrial was properly denied. It is to be noted that after the plaintiff took the stand he admitted a conviction of February 15, 1956, for disorderly conduct on the complaint of his wife. The conviction was admissible at that time "to affect credibility." RCW 5.60.040.

The plaintiff excepted to the instruction given on last clear chance, because it went only to the first phase of the doctrine, *i.e.*, where the plaintiff's negligence continued until the time of the accident, and required that before the jury could find the doctrine applicable it had to find that the bus driver had actually seen the plaintiff's peril and thereafter had the time and opportunity, in the exercise of ordinary care, to avoid the accident. The instruction given, while it is not the applicable King County uniform instruction for the first phase of the doctrine, was equally as favorable to the plaintiff and was in no sense prejudicial. We question whether there was any evidence from which the jury could have found that the bus driver had actually seen the plaintiff's peril in time to have avoided the collision;

however, the error, if any, in giving the instruction redounded to the plaintiff's benefit.

■ The plaintiff's proposed instruction, covering the second phase of the doctrine, which the court refused to give, would have told the jury that if the plaintiff's negligence had ceased or had culminated in a position of peril from which he could not extricate himself by the exercise of reasonable care, then the doctrine of last clear chance was applicable if the bus driver saw such peril, or should have seen it in time to avoid the accident by the exercise of reasonable care.

The plaintiff's negligence in this case was his failure to yield the right of way to the bus, and that negligence never ceased. If we disregard the testimony of a sudden dash by the plaintiff into the street, which would have made any phase of the doctrine of last clear chance inapplicable, and accept for the purpose of this discussion the plaintiff's testimony that he was off the curb and in the street for a minute before he was struck—watching and signalling the approaching bus—it is apparent that his negligence never culminated in a position of peril from which he could not have extricated himself by simply stepping out of the way at any time up until almost the instant of the impact.

In such a situation, as we point out in several cases, the plaintiff has an opportunity equal to that of the defendant to avoid the accident. The instruction on the second phase of last clear chance was, therefore, properly refused. *Everest v. Riecken* (1948), 30 Wn. (2d) 683, 193 P. (2d) 353; *Thompson v. Porter* (1944), 21 Wn. (2d) 449, 151 P. (2d) 433; *Steen v. Hedstrom* (1937), 189 Wash. 75, 63 P. (2d) 507; *Shea v. Yellow Cab Co.* (1935), 184 Wash. 109, 49 P. (2d) 925.

The respondents have assigned certain errors, under Rule on Appeal 16, which we do not discuss inasmuch as the judgment of dismissal is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.