[No. 35203.   Department One.   April 7, 1960.]

ELI ZORICH *et al., Respondents,* v. ROBERT BILLINGSLEY *et al., Appellants.*[1]

[1]Reported in 350 P. (2d) 1010.

866

*Del Cary Smith* & *Del Cary Smith, Jr.*, for appellants.

*C. A. Orndorff*, *Joseph A. Simpson*, and *Leo H. Fredrickson*, for respondents.

HUNTER, J.—This is an appeal from the second trial of an action arising from an automobile collision. The disposition of the first appeal is in the case of *Zorich v. Billingsley*, 52 Wn. (2d) 138, 324 P. (2d) 255 (1958). The facts of the case, on the retrial thereof, are as follows:

In Spokane, Washington, at approximately 1:45 a.m. on June 8, 1955, Robert Billingsley was proceeding west in his automobile on Riverside avenue; Eli Zorich was proceeding south in his automobile on Washington street. At the intersection of these streets their cars collided. At that time of the morning this was an uncontrolled intersection. Billingsley, the disfavored driver, did not see the Zorich car approaching from his right, as his view was obstructed by a city water truck parked on Riverside avenue at the northeast corner of the intersection near the fire hydrant. In passing around the truck, Billingsley saw the car of the favored driver for only a fleeting instant, the time it took his car to travel a distance of about eight feet, before the collision. Billingsley's vehicle struck the left front door of the Zorich automobile and turned completely around in the street. The Zorich car, out of control, plunged through a store window. Billingsley testified that Zorich

was driving without lights and estimated his speed at forty miles an hour. However, the record shows the intersection was well illuminated by street lights so that the Zorich car would have been clearly visible, even though traveling without lights.

This action was instituted to recover damages for personal injuries and property damage resulting from the collision. The jury returned a verdict in favor of the plaintiffs for fifteen thousand dollars and the court entered judgment upon the verdict. The defendants appeal.

The appellants first contend the trial court erred in taking the question of respondents' contributory negligence from the jury.

Respondents argue that the appellants are precluded from raising this issue since they failed to raise it on the first appeal. The rule is well established in this state that questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal in the same case. The proviso to this rule, however, is that there must be no substantial change in the evidence at the second trial. See *Perrault v. Emporium Department Store Co.*, 83 Wash. 578, 145 Pac. 438 (1915); *Buob v. Feenaughty Machinery Co.*, 4 Wn. (2d) 276, 103 P. (2d) 325 (1940); *Miller v. Sisters of St. Francis*, 5 Wn. (2d) 204, 105 P. (2d) 32 (1940); 3 Am. Jur. 553, Appeal and Error, § 1000.

In the first trial of the instant case, the trial court removed from the consideration of the jury, the defendants' cross-complaint and affirmative defense of contributory negligence. On appeal the appellants assigned error only to the issues raised by the granting of respondents' motion for a new trial. The question of respondents' contributory negligence could have been presented for our determination on the first appeal. Since it was not, it cannot now be raised unless there has been a substantial change in the evidence.

The respondents contend there has been a substantial change in the evidence by the testimony of Robert

Billingsley. At the first trial, appellant Billingsley did not testify as to the speed of the favored driver at the time of the collision. At the second trial, he testified the respondent, in his opinion, was traveling at a speed of forty miles per hour at the time of the collision. Appellant's opinion was formed when he saw the respondents' vehicle for only an instant while, at least partly, preoccupied with the pending disaster. Such an opinion can be of little probative value, and is at most a scintilla of evidence, which clearly does not constitute a substantial change in the evidence. See *Boyle v. Lewis*, 30 Wn. (2d) 665, 193 P. (2d) 332 (1948); *Poland v. Seattle*, 200 Wash. 208, 93 P. (2d) 379 (1939); *Dunsmoor v. North Coast Transp. Co.*, 154 Wash. 229, 281 Pac. 995 (1929).

■ The appellants finally contend the verdict of the jury was excessive and that there is insufficient evidence to support the verdict of general damages awarded the respondents. The record shows that the special damages did not exceed $3,039.50. The amount remaining as general damages then would be $11,960.50 of the total award. Appellants contend the verdict should be reduced to at least nine thousand dollars, or that in the alternative a new trial be granted.

The record discloses that Mrs. Zorich suffered from an aggravation of arthritis in her knee as a result of the collision. Mr. Zorich also sustained an injury to his knee, which aggravated an arthritic condition. Neither one was injured to the extent that they were unable to get to their home without assistance after the accident. The primary basis upon which the verdict for general damages could be supported was the traumatic neurosis suffered by Mrs. Zorich.

The evidence of Mrs. Zorich's condition was chiefly her own testimony. On the other hand there was an almost total lack of medical evidence to support her complaints, except on the theory that they were the result of a traumatic neurosis, and this testimony was disputed. There was, moreover, evidence that she tended to exaggerate her con-

dition, during examination; that the pain of which she complained was abnormal in view of the objective symptoms, and that there was almost no loss of movement. We are not unmindful of the rule that we will not disturb an award of damages made by the jury if it is within the range of substantial evidence in the record which the jury is entitled to believe. However, under the facts of the present case, we are convinced that the condition to which Mrs. Zorich subscribes she is suffering, resulting from a traumatic neurosis, is not supported by sufficient evidence to justify the amount awarded for general damages. We therefore agree with the appellants that the award for general damages should be reduced approximately fifty per cent, thereby reducing the total verdict to nine thousand dollars. *Anderson v. Dalton,* 40 Wn. (2d) 894, 246 P. (2d) 853, 35 A.L.R. (2d) 302 (1952). In the event the respondents do not accept the verdict as reduced, within ten days after the filing of the remittitur with the clerk of the superior court, a new trial on the issue of damages only will be allowed.

The case is remanded for modification consistent with this opinion. The respondents, having substantially prevailed, will be allowed their costs on this appeal.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

---

May 26, 1960. Petition for rehearing denied.