[No. 38093.    Department Two.    May 12, 1966.]

JUDITH A. WORKMAN, *Appellant,* v. JUDITH MARSHALL *et al.,*
*Respondents.*\*

*Murray, Scott, McGavick & Graves,* by *Edward M. Lane,*
for appellant.

\*Reported in 414 P.2d 625.

*Davies, Pearson, Anderson & Pearson,* by *Vernon R. Pearson,* for respondents.

Rosellini, C. J.—This is an appeal from an order granting a reduction of the verdict or, in the alternative, a new trial in an action for personal injuries tried before a jury.

The minor plaintiff (hereafter referred to as the plaintiff) was struck, while in a marked crosswalk, by an automobile driven by a daughter of the defendants. She suffered minor bruises and contusions, a lumbosacral strain and coccygodynia. Her medical expenses totaled $308 and it was predicted by her doctor at the time of trial (2 years after the accident) that she would have future medical expenses of about $50. The medical testimony was that the injuries to the tissues of the plaintiff's back were painful, that only conservative treatment could be administered, and that the pain would gradually disappear with the passage of time. It was estimated that the symptoms, which had persisted for 2 years, would probably not disappear for another year, and perhaps 2 years.

The jury awarded damages in the amount of $5,000. On motion of the defendants the trial court ordered the verdict reduced to $3,000 or, in the alternative, a new trial; and the plaintiff has appealed.

In its order, the trial court said:

The Court feels that substantial justice was not done and that the verdict in any event was excessive and showed the results of passion and prejudice. The court believes that said passion and prejudice stemmed in part from improper final argument by plaintiff's counsel; that in said argument plaintiff's counsel advised the jury that the court appointed a Guardian ad Litem to represent the minor plaintiff and ordered this trial to be commenced against the defendants. Defendants' counsel objected to this argument and the court feels that it did not make it clear to the jury that they should disregard this argument, and that in fact the court had not ordered the trial to be commenced. The court is of the opinion and finds that this argument is erroneous and required the court in the interests of fairness to the defendants to instruct the jury specifically that a suit involving a minor requires

the appointment of a Guardian ad Litem by the court, but that such appointment does not mean that the court directs the lawsuit to be brought.

This case was closely contested on the liability phase, and the court feels that the plaintiff took unfair advantage of the defendants in enlisting the sanctions of the court on his side by this line of argument; that this factor caused the verdict to be excessive and defendants should be granted the relief as set forth in this order.

While this order states that the trial court found the verdict so excessive as to indicate passion or prejudice, the court does not point out wherein it found the verdict excessive. Instead it discusses an error which it felt had been committed when it failed to instruct the jury that the court did not order the action commenced, as the plaintiff's attorney implied in his argument that it had, and seems to say that, because of this failure, the jury evidently found in favor of the plaintiff. Certainly the argument was not calculated to influence the jury in determining the *amount* of the verdict, but rather to persuade it to find liability on the part of the defendant. The fact that such an argument was made does not explain the excessiveness of the verdict, if in fact the verdict was excessive.

As the trial court observed in its order, the error in permitting the attorney to argue that the court sanctioned the bringing of the action could have been cured by an instruction making it clear to the jury that the court had not ordered the trial to be commenced. An instruction to this effect was not requested by the defendants, and in fact the only objection to the arguments of the plaintiff's attorney was "I think this is way outside the evidence. A lot of statements are half truth, about who has the responsibility for deciding the case."

In the case of *Jones v. Hogan,* 56 Wn.2d 23, 351 P.2d 153, the contention was that the verdict was the result of passion and prejudice, and in support of this contention, the appellant pointed to the fact that the respondent's counsel had made references to her poverty in his arguments to the jury. In holding that this was not a proper ground for the granting of a new trial, this court said:

[A]ppellants cannot now complain. Upon the first reference to poverty, appellants' counsel objected, whereupon the court struck the remark. No more was asked. Upon the second reference, no action at all was asked of the trial court.

In spite of the fact that it was urged that no instruction to the jury could have removed the irreparable damage done by the second reference to poverty, we said:

> Accepting appellants' contentions at face value, we must, none the less, conclude that appellants' failure to request appropriate relief by the trial court waived any error as to either or both references.

Similarly, in the case of *Nelson v. Martinson,* 52 Wn.2d 684, 328 P.2d 703, we reversed an order granting a new trial where the reasons for granting the new trial which were stated by the trial court referred to acts of alleged misconduct on the appellant's counsel; and the respondent had failed to object and request a corrective instruction.

In the case before us, not only was there no objection that the attorney's remarks implied that the court approved of the lawsuit and ordered it brought, and no corrective instruction requested, but the record makes it clear that the jury could not have been misled. The defendants' attorney explained to the jury in his closing argument that any such implication by the plaintiff's attorney was unwarranted by the facts, and the plaintiff's attorney stated in his closing argument that he did not think that he had said the court ordered that a lawsuit be commenced, but only that the court had authorized the mother to commence a lawsuit in behalf of her daughter.[1]

The failure to give an instruction which was not requested was not grounds for a new trial. There is nothing in the record to indicate that the court would have refused to give a corrective instruction, had it been requested, and thus the respondent's contention that a request would have been useless is without merit.

---

[1]We disapprove of any argument involving the court's role in the appointment of a guardian ad litem for a minor in a personal injury suit. The potential for error is likely.

■ No other reason is given in the order for the trial court's conclusion that the verdict was the result of passion and prejudice, and substantial justice was not done. Where no specific reasons are given in the order in support of this ground, we must assume the justification or reasons for granting the new trial are to be found in the record. *Nelson v. Martinson, supra.* As in that case, our examination of the record has failed to disclose any reason why substantial justice has not been done.

Monetary compensation for bodily injuries suffered by one through the negligence of another is difficult of precise proof and the amount of such compensation must of necessity be left to the sound judgment of the jury. This is necessarily so because no method or formula has been or can be devised to measure in terms of money the physical loss suffered when one is disabled or injured, or the degree of pain and suffering of a human being.

■ When a court is reviewing the propriety of an award, the question is not whether, in its judgment, the amount of damages the court would have awarded coincides with that awarded by the jury. The fact that the court would have assessed a less or larger amount than the jury is not a ground to interfere with the verdict. Before a court should interfere with the amount fixed by the jury, it must be convinced that it is unjust and so disproportionate to the injury suffered as to indicate prejudice and passion.

In *Harvey v. Wight, ante* p. 205, 412 P.2d 335 (1966), in affirming a verdict, we stated: "The award does not shock the court's sense of justice." The rule has been stated in *Partello v. Missouri Pac. Ry.,* 217 Mo. 645, 117 S.W. 1138 (1909), that a court will not reduce a verdict unless the amount of the award is so grossly excessive as to shock the court's sense of justice and to satisfy it that the award was the result of prejudice and passion.

After reading the statement of facts, we cannot say with any degree of certainty what the injuries of the respondent were reasonably worth. We cannot ascertain by what theory one can reason that a $5,000 jury verdict was excessive and

would shock the judicial conscience, but that $3,000 would be right.

The case of *Jones v. Hogan, supra,* was also a suit for damages for a lumbosacral sprain, for which the plaintiff would suffer pain and disability for a period of 2 years, although the evidence of the defendant's physicians was that the injury was minimal. The jury returned a verdict of $10,000. In refusing to hold that the verdict was so large as to indicate passion and prejudice, we said:

> This conflict was for the jury to resolve. We cannot say that the award of ten thousand dollars, plus the medical expenses, was unsupported by evidence, nor so large as to indicate passion and prejudice, either on liability or damages.
>
> While the verdict might have been less, or for the defendants altogether, nevertheless, there is substantial evidence to support it. To reverse the judgment, appellants must show independent facts which may singly prejudice the jury consideration or from which an overall situation of unfairness may result.

While the trial court is authorized to reduce the verdict or order a new trial, under RCW 4.76.030, where it finds the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount must have been the result of passion and prejudice, the Supreme Court, on appeal, reviews the action of the trial court de novo, with a presumption that the jury verdict was correct.

Finding nothing in the record to substantiate the trial court's conclusion that the verdict was the result of passion and prejudice, we must hold that the presumption in favor of the correctness of the jury's verdict prevails and dictates that the order be reversed.

It is so ordered, and the cause is remanded with directions to reinstate the verdict.

DONWORTH, FINLEY, and WEAVER, JJ., and LANGENBACH, J. Pro Tem.. concur.