[No. 38817. Department One. July 20, 1967.]

ANDREW MA et al., *Plaintiffs*, CHRISTINE CHUI, *Appellant*, v. JAMES E. RUSSELL et al., *Respondents.**

*Reported in 430 P.2d 518.

*Casey & Pruzan,* by *Jack M. Sawyer,* for appellant.

*Reed, McClure & Moceri* and *Hugh A. McClure,* for respondents.

ROSELLINI, J.—The question on this appeal is whether the damages awarded by the jury were so excessive as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice. The trial court reduced a verdict of $49,500 to $30,000, granting in the alternative a new trial. The plaintiff Christine Chui, in whose favor this verdict was rendered, has appealed, contending it was justified upon the evidence.

The applicable statute is RCW 4.76.030, which provides:

> If the trial court shall, upon a motion for new trial find the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or may enter an order providing for a new trial unless the party adversely affected shall consent to a reduction or increase of such verdict, and if such party shall file such consent and the opposite party shall thereafter appeal from the judgment entered, the party who shall have filed such consent shall not be bound thereby, but upon such appeal the supreme court shall, without the necessity of a formal cross-appeal, review de novo the action of the trial court in requiring such reduction or increase, and there shall be a presumption that the amount of damages awarded by the verdict of the jury was correct and such

amount shall prevail, unless the supreme court shall find from the record that the damages awarded in such verdict by the jury were so excessive or so inadequate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice.

■ While this statute does not expressly provide for an appeal by a nonconsenting party adversely affected by the order, the implication is clear that, on such an appeal (authorized by ROA 14(6), RCW vol. 0), this statute governs the review of the order reducing the verdict.

Under its provisions, this court does not confine itself to a consideration of whether or not the trial court abused its discretion in granting the alternative motion for a new trial, but reviews the record de novo, bearing in mind the presumption that the verdict was correct. *Workman v. Marshall*, 68 Wn.2d 578, 414 P.2d 625 (1966).

The liability of the defendants was admitted and the only question to be decided by the jury was the amount of damages sustained by the four plaintiffs. The damages awarded three of the plaintiffs were accepted by the defendants as reasonable; but they moved for a new trial on the question of damages sustained by the appellant, contending that the amount found by the jury so far exceeded the amount justified by the evidence as to make it certain that passion and prejudice entered into the deliberations of the jury. The trial court agreed with this contention, finding that the amount of the verdict exceeded the maximum amount which the jury could have reasonably awarded by $19,500.

Appellant's injuries were sustained in an automobile collision in which she was thrown into the windshield, sustaining severe facial and neck lacerations. She also suffered a temporary retrograde memory loss, cerebral concussion, a brain contusion, disorientation, and poor eye convergance, all of which were of a temporary nature. She suffered a ruptured blood vessel on the surface of her brain. An earlier condition involving "fear sensations" was reactivated and did not subside until a year after the accident.

As a result of the lacerations, she was left with ugly and unsightly facial scars. Plastic surgeons, called as witnesses by the appellant and the respondents, testified that she would be benefited by further plastic surgery—that the scars could be reduced to a point where, with the aid of cosmetics, they would be less noticeable.

Appellant is a young Chinese woman, sensitive and intelligent, 25 years of age at the time of trial, and unmarried. She has been deeply disturbed and humiliated by the scars. Formerly she had been happy and of an enthusiastic nature, but after the accident she became shy and obviously self-conscious. She was afraid that people would think she had been scarred as a result of some violence in which she had participated and always quickly explained to new acquaintances that she had been in an auto wreck.

The respondents point to the fact that the appellant suffered no permanent physical disability. She was able to and did resume normal activity after a brief stay in the hospital and a few weeks of recuperation. However, she had to undergo additional surgery involving painful procedures and she will have to submit to further surgery if the appearance of the scars is to be improved.

In reaching the decision that the amount of the verdict was so excessive as to indicate unmistakably that the verdict was influenced by passion and prejudice, the trial judge commented that the appellant's scars were not as disfiguring as she felt them to be. At the same time he recognized that her feelings were genuine and that it was the effect upon her and not the effect these scars would have upon another person which was determinative. The judge also observed that, in spite of her scars, appellant was a charming and attractive young lady who made a favorable impression on everyone in the court. He found no conduct on the part of witnesses or the attorneys which was open to criticism and no error in the conduct of the trial.

We have examined the record and read the argument of the appellant's counsel. In the former we find no error and in the latter no attempt to inflame the jury.

No improper evidence was admitted on which a jury might have acted, nor were improper instructions given which might have misled the jury, nor was there improper argument of counsel which might have been calculated to prejudice the jury, nor any misconduct of the jury on which prejudice could be presumed. If there was passion and prejudice, its source cannot be found in the record.

The plaintiff in this case did not suffer any loss of wages or any pecuniary loss, with the exception of the special damages for hospitalization and future operations in a sum which will not be likely to exceed $5,000. The balance of the damages awarded are to compensate her for pain and suffering and for permanent scars on her face and neck.

The assessment of damages in a personal injury suit for present and future pain and suffering always presents difficult problems for the courts. This is so because of the absence of any standard for the measurement of the damages to be awarded. Courts recognize this when they attempt to verbalize the measure of damages in their instructions. In this case the jury was instructed:

> The law has not furnished us with any fixed standard by which to measure pain, suffering or disability. With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by the law as I have given it to you.

McCormick, Damages, § 88 (1935), at 318 states:

> Translating pain and anguish into dollars can, at best, be only an arbitrary allowance, and not a process of measurement, and consequently the judge can, in his instructions, give the jury no standard to go by . . . .

And at 319 it is stated:

> The chief reliance for reaching reasonable results in attempting to value suffering in terms of money must be the restraint and common sense of the jury and not the detailed verbal accuracy of the instructions.

To complicate the problem in this field, trial judges and appellate courts approach with varying attitudes the question whether to permit a damage award to stand or to overturn it because it reflects prejudice or passion. Just as

the jury has no standard to guide it in reaching its verdict, the court which is asked to review the verdict has no fixed standard for judging whether the verdict was so excessive or inadequate as to reflect passion or prejudice. Consequently the decision must depend upon the court's view of what constitutes a proper verdict in the case.

In scarring cases, the extent of damage depends to a certain extent on such factors as:

(1) The age of the person, for certainly the damage for scarring of the young is far greater than for an older person.

(2) The sex. It is recognized that scars on the face of a female are more objectionable than on the face of a male.

(3) The appearance and location of the scar. If it is on a portion of the body exposed to view, it would require greater compensation than if located on a part of the body normally covered.

(4) The marital status of the person. An unmarried person may suffer anxieties which would not occur in the case of a married person, and scars may well affect his or her opportunities for marriage.

Also, the scarring must be considered with the totality of the injury sustained.

When these factors are taken into account, it can readily be perceived that the appellant, a young, sensitive, unmarried woman, is a person likely to be extremely vulnerable to emotional suffering as a result of facial scars.

■ Where the scarring is upon a young female, generally a psychic reaction and disturbance may result. The medical testimony reveals that any injury which changes the cosmetic appearance involves an emotional effect upon the patient. The doctors testified that the appellant's scars had had an emotional and psychic effect upon her.

The doctors also testified that further surgery would be necessary if the ugliness of the scars is to be reduced. One of the doctors preferred to have it done in two separate operations; the other testified it could be done in one procedure. The procedures in the operation would involve what

is called Z-plasty, which is a rather delicate operation. The scar must be excised and a "Z" shaped incision made, to create more elasticity and looseness in the skin. This procedure would be necessary on three or four of the appellant's scars in order to get away from a pull on her neck, when she extends it, because of the scars. After the operation, it will be necessary to do a dermabrasion. This is likened to sandpapering the scars. This is a major operative procedure which results in "quite a little bleeding." This operation usually helps to minimize the scars. The dermabrasion is usually done 6 to 8 months after excision and revision of the existing scars.

The testimony revealed that the appellant will always have scars and they will always be apparent. The pigmentation of the skin in the scarred area will always be different from that in adjoining areas of the skin. In testifying to the prognosis, the doctors testified that every plastic surgeon does his best but what the result will be cannot be certain. The effect might be better than expected or worse than expected; the only thing that can be done is to perform the operation and hope for the best.

The statute directs that this court shall presume that the verdict of the jury was correct and, with this presumption in mind, shall review the record. It shall not affirm the trial court's order unless it finds that the amount of the verdict is so excessive as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice.

Unquestionably, the verdict is large. It is perhaps larger than the members of this court, had they been the triers of the facts, would have awarded. However, as the trial court observed, the record is free of error, and there was no conduct on the part of the attorneys which was calculated to inflame or prejudice the jury. Also, the evidence is clear that the appellant has suffered great emotional anguish because her face is permanently scarred, and she will continue to suffer in the future, perhaps all of her life. Emotional suffering can be as great or greater than physical

suffering. The evidence was that her outlook upon life and her relations with people have been adversely affected by her suffering. The jury was entitled to take all of these matters into consideration.

We are of the opinion that the record of this case shows evidence which justifies the verdict, and that no sufficient reason has been advanced why that verdict should be disturbed. Upon the record before us, the presumption of the correctness of the verdict must prevail.

The order granting a new trial if a reduced award is not accepted by the appellant is reversed, and the cause is remanded with directions to enter judgment on the verdict.

FINLEY, C. J., WEAVER and HALE, JJ., and DENNEY, J. Pro Tem., concur.

*Reported in 430 P.2d 548.