[No. 15-40015-1.    Division One.    December 31, 1969.]
Panel 1

JULIUS G. JOHNSON *et al., Appellants,* v. MARSHALL FIELD
& COMPANY, *Respondent.*

*Ralph B. Potts* and *Stenn H. Dagg,* for appellants.

*William R. Lanthorn* and *Leo A. Anderson,* for respondent.

REVIEW GRANTED BY SUPREME COURT.

SWANSON, J.—The appellant Willabelle Johnson fell while on a moving escalator in respondent's downtown Seattle store. A following descending step squeezed down upon her head and nearly tore off her scalp.

After the escalator was stopped, she was left unaided and unassisted for about 15 minutes. She was then taken to the store infirmary where she asked the store nurse to call an ambulance or a doctor. After a delay of about 30 minutes, an ambulance was called. It arrived 1 hour after the accident.

On the basis of these incidents, Mrs. Johnson brought an action against respondent. Her first claim sought compensation for the injuries suffered in the accident on a negligence theory. The second claim, with which we are essentially concerned here, sought recovery for the additional damages proximately caused by the store's alleged lack of reasonable care after the accident.

The jury returned a defense verdict on the first cause, but, on the second, awarded appellants $20,000. The trial judge ordered a new trial unless appellants accepted a $17,500 reduction. They refused and appeal.

This rather bizarre accident brings to us a troublesome problem which in recent years has plagued the Washington bench and bar—the power of the trial judge to order a new trial subject to a reduction in verdict. Fortunately, it is a problem which has prompted much thought and concern.[1]

Prior to 1951, there was no effective appellate review of an order granting a new trial when no reason therefor was

---

[1] See Trautman, *New Trials for Failure of Substantial Justice,* 37 Wash. L. Rev. 367 (1962); Trautman, *Serving Substantial Justice—A Dilemma,* 40 Wash. L. Rev. 270 (1965).

stated, or when the reason was a failure of substantial justice. *Coppo v. Van Wieringen*, 36 Wn.2d 120, 217 P.2d 294 (1950), changed this to some extent. The case disapproved the limitation upon appellate review when the grounds for the trial court's action were entirely within the record or could be made a part of the record.

In 1954, the Supreme Court amended the predecessor of RPPP 59.04W. *See* 44 Wn.2d xviii. This rule, which set out grounds for new trial, contained the instruction:

> In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing.

This sentence caused the superior court judges no small amount of concern. As pointed out by Professor Trautman, in the 10 years following the enactment of the rule, the Supreme Court reversed nearly all orders granting new trial which it reviewed.[2]

The results in these cases no doubt prompted King County Superior Court Judge Henry Clay Agnew to state:

> ". . . a trial judge no longer has the right to grant a new trial because he believes substantial justice has not been done because the verdict is overwhelmingly contrary to the weight of the evidence."

*Sullivan v. Watson*, 60 Wn.2d 759, 765 n.2, 375 P.2d 501 (1962).

Justice Hill, in *Sullivan*, attempted to dispel this belief of the trial bench. He indicated:

> In short, it is our hope that trial judges who believe, for whatever reason, that substantial justice has not been done will grant new trials, giving their reasons therefor in some detail. Should this court then reverse any trial judge, and the end result be a denial of substantial justice, the onus will be upon us and not on the trial judge.

60 Wn.2d at 766 n.2.

These remarks, however conciliatory and reassuring, did not provide a panacea. See Trautman, *Serving Substantial Justice—A Dilemma, supra* n.1. The Supreme Court then

---

[2] Trautman, *Serving Substantial Justice—A Dilemma, supra* at 271.

took additional remedial steps. CR 59 was adopted May 5, 1967, and became effective July 1, 1967, prior to the written order in this case. Subdivision (f) provides:

> Statement of Reasons. In all cases where the trial court grants a motion for a new trial, it shall, in the order granting the motion, state whether the order is based upon the record or upon facts and circumstances outside the record which cannot be made a part thereof. If the order is based upon the record, the court shall give definite reasons of law and facts for its order. If the order is based upon matters outside the record, the court shall state the facts and circumstances upon which it relied.

Judge Birdseye's written order recites, *inter alia,* as follows:

> This order is predicated upon:

> RCW 4.76.030: If the trial court shall, upon a motion for new trial, find the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or may enter an order providing for a new trial unless the party adversely affected shall consent to a reduction or increase of such verdict, . . .

> RCW 4.76.020(5): Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice.

> RCW 4.76.020(9): That substantial justice has not been done.

> Inherent power of court to provide relief from excessive damages.

█ The order also provided that pursuant to the Washington Rules of Pleading, Practice and Procedure 59.04W, the court's oral opinion of May 26, 1967, granting the motion for new trial, and its oral opinion of September 8, 1967, on a motion for reconsideration, were incorporated by reference to supply additional reasons of law and fact in support of the order for new trial. It should be noted that the trial judge cited rule 59.04W as controlling. At the time of the order, this rule had been repealed and superseded by CR 59(f). Thus, while the order of October 24, 1967, does

not specifically state whether it is based upon the record or upon facts and circumstances outside the record as required by CR 59(f), it is apparent, from the order and the two oral opinions included therein by reference, that the order is based upon matters in the record, and this court shall so consider it. *Johnson v. Howard,* 45 Wn.2d 433, 275 P.2d 736 (1954).

The first oral opinion on May 26, 1967, stated in part:

I am tempted to say that the amount of the award indicates passion and prejudice. . . .

I think I can honestly say that I was shocked and I am shocked by the amount of the award. . . . It is, I think, a gross miscarriage of justice and I should, if I have the power to do so and I believe I have, correct it.

The second oral opinion, given September 8, 1967, likewise said:

Now, it would be difficult for me to say and perhaps impossible—I must be fair to Mrs. Johnson—probably impossible for me to say that twenty thousand dollars is so excessive as to unmistakably indicate passion and prejudice. . . .

. . .

. . . I think that in fairness I must say that there was nothing in the trial or argument to the jury that was in any way subject to criticism or that was designed to encourage passion or prejudice.

It is to this rather confused record—was there or was there not passion and prejudice?—that appellants assign error. Appellants' first two assignments question the propriety of granting a new trial on the grounds of passion or prejudice. There is merit to this assignment. While the trial court, in its order, recited the existence of passion and prejudice from the size of the verdict, the statements in the court's oral opinions, which were incorporated by reference, clearly say that there was no passion or prejudice resulting from anything that occurred during the course of the trial or from the size of the verdict.

■ Further, RCW 4.76.030[3] governs the review of this order. As stated in *Ma v. Russell,* 71 Wn.2d 657, 659, 430 P.2d 518 (1967):

Under its provisions [referring to RCW 4.76.030], this court does not confine itself to a consideration of whether or not the trial court abused its discretion in granting the alternative motion for a new trial, but reviews the record de novo, bearing in mind the presumption that the verdict was correct. *Workman v. Marshall,* 68 Wn.2d 578, 414 P.2d 625 (1966).

A careful review of the record convinces us that there was neither passion nor prejudice present at any part of the trial. Thus, we are compelled to hold that the court erred in granting a new trial on this ground.

Assignments of error 3 and 4 challenge the additional basis recited in the order for a new trial—failure of substantial justice because of an excessive verdict not justified by the evidence.

■ Our Supreme Court, since the 1905 decision of *Clark v. Great N. Ry.,* 37 Wash. 537, 79 P. 1108 (1905, has recognized the inherent power of the trial court to grant a new trial on the basis of the verdict being against the weight of evidence and substantial justice not being done. See *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P.2d

---

[3]"Increase or reduction of verdict as alternative to new trial. If the trial court shall, upon a motion for new trial, find the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or may enter an order providing for a new trial unless the party adversely affected shall consent to a reduction or increase of such verdict, and if such party shall file such consent and the opposite party shall thereafter appeal from the judgment entered, the party who shall have filed such consent shall not be bound thereby, but upon such appeal the supreme court shall, without the necessity of a formal cross-appeal, review de novo the action of the trial court in requiring such reduction or increase, and there shall be a presumption that the amount of damages awarded by the verdict of the jury was correct and such amount shall prevail, unless the supreme court shall find from the record that the damages awarded in such verdict by the jury were so excessive or so inadequate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice."

947 (1934); *Snyder v. General Elec. Co.,* 47 Wn.2d 60, 287 P.2d 108 (1955); *Sullivan v. Watson,* 60 Wn.2d 759, 375 P.2d 501 (1962); CR 59.

In defining the obligation of the trial judge to grant a new trial, the court, in *Olpinski v. Clement,* 73 Wn.2d 944, 951, 422 P.2d 260 (1968), stated:

> The trial court has the duty to see that justice prevails. He has the power in the exercise of his discretion to grant a new trial where substantial justice has not been done, but, to facilitate appellate review, he must state his reasons.

Here, aside from the erroneous claim of passion and prejudice, the trial judge exercised his discretion and stated his reasons:

> There was no testimony by any medical witness that the care and attention subsequent to the accident in any way contributed to the injuries or inhibited the plaintiff's recovery from those injuries. Three doctors were called and there was no testimony that the defendant's care and attention was improper. There was, further, no testimony that the defendant's care and attention, had it been improper, was a proximate cause of any additional injury or any aggravation of the existing injuries.

It is only for an abuse of discretion that a trial court's order granting or denying a new trial may be reversed. A much stronger showing is required to set aside an order granting a new trial than is required to reverse an order denying a new trial. *Olpinski v. Clement, supra; Baxter v. Greyhound Corp.,* 65 Wn.2d 421, 397 P.2d 857 (1964).

To support a conclusion that the verdict was not excessive, the award of damages must be within the range of substantial evidence in the record. If not, the verdict is excessive, and substantial justice was not done. *Zorich v. Billingsley,* 55 Wn.2d 865, 350 P.2d 1010 (1960); *Guy v. Northwest Bible College,* 64 Wn.2d 116, 390 P.2d 708 (1964). Our Supreme Court has repeatedly stated that a jury's verdict will not be overruled except where no sub-

stantial evidence exists to sustain it. *Valente v. Bailey,* 74 Wn.2d 857, 859, 447 P.2d 589 (1968).

█ In *Zorich v. Billingsley, supra,* the court found from a review of the record insufficient medical testimony to justify the award, and general damages were reduced by 50 per cent. We must therefore review the evidence in this case to determine whether or not there is substantial evidence to support the award. Here, the court instructed the jury that respondent had a duty to provide care and attention to a passenger injured on its escalator. If it failed in such duty, appellant would be entitled to damages including pain and suffering caused by such lack of care and attention. This instruction was not excepted to and is the law of the case. *State v. Silvers,* 70 Wn.2d 430, 423 P.2d 539 (1967).

Appellants argue that while Mrs. Johnson was detained in Frederick & Nelson for about 45 minutes after receiving a severe head injury, she bled profusely and was afraid she would bleed to death. Appellants state that the fear of bleeding to death constituted pain and suffering of an extreme nature.

Review of the verdict must proceed upon the presumption that it is correct.

> Questions of damages should be decided by the jury and, once the jury renders its verdict, a statutory presumption exists that they have found correctly. [Citation.] Nor should the trial court substitute its judgment for that of the jury as to the amount of damages. [Citations.]

*Worthington v. Caldwell,* 65 Wn.2d 269, 273, 396 P.2d 797 (1964). But there must be credible testimony in the record to sustain the verdict before the court is precluded from substituting its judgment for that of the jury. *Day v. Frazer,* 59 Wn.2d 659, 369 P.2d 859 (1962).

Was there credible evidence upon which the jury could base its verdict? It must be remembered that the award here was not for the principal accident. The trial court said he was shocked by the amount of the award, and that there was no credible medical evidence in the record to support

it. With this, we must agree. A careful examination of the record discloses that not one of the three doctors who testified for the appellant indicated that she suffered any additional injury or hospitalization because respondent did not give her the care and medical attention which was required. The only damage suffered by Willabelle Johnson was the fear of bleeding to death as it relates to pain and suffering. This is an actionable wrong under the law of the case, but does the evidence support the award given? Appellant suffered no injury because of the delay. The nightmares of which she complained related to the principal accident itself. Thus, there was no testimony in the record upon which the jury could base an award of $20,000.

Nor do the cases relied on by appellant support her position. In *Ma v. Russell, supra,* Judge Birdseye reduced a verdict of $49,500 to $30,000, or a new trial. The Supreme Court carefully reviewed the evidence presented with respect to the injury sustained by the plaintiff, the effect upon her, and the permanency of her injury. The court concluded that the record of that case, unlike here, disclosed evidence justifying the verdict.

In addition, the award must be tested in light of the evidence supporting it as to whether or not it shocks the conscience of the appellate court. This test was recently outlined and reviewed in *Hogenson v. Service Armament Co.,* 77 W.D.2d 209, 216, 461 P.2d 311 (1969), when the court stated as follows:

> The test to be applied on the issue of excessive damages was set forth in *Kramer v. Portland-Seattle Auto Freight,* 43 Wn.2d 386, 395, 261 P.2d 692, 697 (1953):
>
> On the one hand, the following must be considered: Each cause depends, to a large extent, upon its own facts and circumstances. The verdict must be compensatory of a pecuniary loss. *Walters v. Spokane International R. Co.,* 58 Wash. 293, 108 Pac. 593 (1910). It can be substantial (*Atkeson v. Jackson Estate,* 72 Wash. 233, 130 Pac. 102 (1913); *St. Germain v. Potlatch Lbr. Co.,* 76 Wash. 102, 135 Pac. 804 (1913); *Skeels v. Davidson,* 18 Wn. (2d) 358, 139 P. (2d) 301, 149 A.L.R. 225

(1943)) but not out of proportion to actual damages. *Halverson v. Seattle Electric Co.*, 35 Wash. 600, 77 Pac. 1058 (1904). The amount of the damage is within the discretion of the jury, under proper instructions. The jury is given considerable latitude in making such determination as to it seems just. *Aronson v. Everett,* 136 Wash. 312, 239 Pac. 1011 (1925); *Ticknor v. Seattle-Renton Stage Line,* 139 Wash. 354, 247 Pac. 1 (1926). The subject matter being difficult of proof, it cannot be fixed with mathematical certainty by the proof. Once the determination is made, an appellate court will give great weight to, and is reluctant to interfere with, the jury's verdict. *Kellerher v. Porter,* 29 Wn.(2d) 650, 189 P.(2d) 223 (1948).

On the other hand, the balancing factor is the conscience of the appellate court, when there is an affirmative showing that passion and prejudice played no part in the jury's determination. Is the amount flagrantly outrageous and extravagant? Is it unjustified in the light of the evidence? Does it disclose circumstances foreign to proper jury deliberations? If it is and does, then it can be said to shock the sense of justice and sound judgment, and the verdict of the jury is excessive.

This test has subsequently been followed in *Fosbre v. State,* 70 Wn.2d 578, 424 P.2d 901 (1967); *Adams v. State,* 71 Wn.2d 414, 429 P.2d 109 (1967).

It is further stated in *Hogenson* at 217:

Since there was no significant evidence indicating that passion and prejudice played any part in the jury's determination, *the test to be used is the conscience of the appellate court.*

(Italics ours.)

Here, the trial court stated in its order granting new trial:

The amount of the award was such that the court was and is shocked by the amount. Such an amount cannot be justified. It is a gross miscarriage of justice.

We agree.

Thus, while the trial judge erred in granting a new trial on the grounds of passion or prejudice, the order was cor-

rectly based on the failure of substantial justice. The order appealed from is affirmed.

JAMES, C. J., and FARRIS, J., concur.

---

Petition for rehearing denied January 20, 1970.