[No. 1525-1.    Division One—Panel 2.    April 16, 1973.]

REX ALLEN, *Appellant,* v. UNION PACIFIC RAILROAD COMPANY, *Respondent.*

*Reiter, Day, Wall & Bricker, P.S., Glenn H. Prohaska,* and *Zig I. Zakovics* (*C. LeRoy Borders* and *George M. Joseph,* of counsel), for appellant.

*Skeel, McKelvy, Henke, Evenson & Betts* and *R. L. Gemson,* for respondent.

WILLIAMS, J.—This action was brought to recover damages for personal injuries. The cause was tried to the court and a jury and resulted in a verdict in favor of the plaintiff, Rex Allen, in the amount of $40,000. The defendant, Union Pacific Railroad Company, moved for a new trial or, in the alternative, for reduction of the verdict. The court granted the motion in an order which provided for a new trial in the event Allen did not consent to a reduction of the verdict to $27,000. He refused to consent to the reduction and appeals from the order.

The facts are these: Allen was employed by Union Pacific as a brakeman. While walking between two sets of tracks inspecting cars, he fell, breaking his right arm. There was some evidence that there was considerable debris in that area and that the lighting was limited.

Allen's doctor reduced the fracture of the radius of the arm by making an incision through the muscles until the bone was exposed. A plate was then attached to the bone by screws, which were drilled into place and fixed. The ulna bone of the arm, which was also broken, was treated by inserting a 10-inch rod about 2 inches from the wrist and running it up the bone to the elbow. Allen was hospitalized for 7 days and was off work for 8 months and 6 days, thereby losing wages of $6,400. There was evidence that he suffered considerable pain, which diminished with the passage of time, and that there was some permanent loss of movement of the arm.

The trial judge, in his oral opinion, expressed himself as shocked that the jury, which was permitted to weigh the fault, if any, of Allen and to compare it with the negli-

gence, if any, of Union Pacific (45 U.S.C.A. § 51 (1972); *Tiller v. Atlantic Coast Line R.R.*, 318 U.S. 54, 87 L. Ed. 610, 63 S. Ct. 444, 143 A.L.R. 967 (1943)) in answer to a special interrogatory, found no percentage of contributory negligence. He also was convinced that Allen could have returned to work substantially earlier than he did; the amount of damages was so excessive that it could not be accounted for in any other manner other than passion and prejudice; and that if there was a new trial, photographs concerning the light conditions which the judge had refused to admit into evidence might be admitted if a better foundation were established.

■ We are to review de novo the action of the trial court in reducing the jury's award to $27,000. There is a presumption that the jury was correct, and the verdict must be reinstated unless we find from the record that $40,000 is so excessive

> as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice  . . .

RCW 4.76.030. In considering the application of this statute, the Supreme Court has stated: "Courts must be extremely hesitant to interfere with the jury's verdict." *Johnson v. Marshall Field & Co.*, 78 Wn.2d 609, 617, 478 P.2d 735 (1970); *Ma v. Russell*, 71 Wn.2d 657, 430 P.2d 518 (1967). Also, the Supreme Court has said:

> it is our opinion that the rule now and for some time prevailing in this jurisdiction requires that the passion and prejudice be of such manifest clarity as to make it unmistakable. To synthesize what may seem to be a disparity, when the trial court is called to rule upon questions of excessive or inadequate verdict as distinguished from the question of granting or denying a new trial outright, we think the court should first look to the scope or range of the evidence in relation to the verdict. In those instances where the verdict is reasonably within the range of proven damages, whether conflicting, disputed or not, and where it can be said that the jury, in exercising its exclusive power, could believe or disbelieve some of it and weigh all of it and remain within the

range of the evidence in returning the challenged verdict, then it cannot be found as a matter of law that the verdict was unmistakably so excessive or inadequate as to show that the jury had been motivated by passion or prejudice solely because of the amount.

*James v. Robeck,* 79 Wn.2d 864, 490 P.2d 878 (1971) at 870.

Our court, speaking on the same subject said in *Duchsherer v. Northern Pac. Ry.,* 4 Wn. App. 291, 299, 481 P.2d 929 (1971):

Though philosophic debate on the utility of juries as fact finders and damage assessors can be and often is engaged in, if it is assumed that the jury is the proper organ to assess damages, then its determinations should stand unless the amount assessed so exceeds rational bounds as to unerringly point to a genesis in passion, rather than in fact.

RCW 4.76.030, which authorizes the trial court to fix a lesser or greater amount than that returned by the jury in its verdict as an alternative to the grant of a new trial, refers solely to the question of whether the amount of damages was unmistakably the result of passion or prejudice. *Workman v. Marshall,* 68 Wn.2d 578, 414 P.2d 625 (1966); *Randall v. Tradewell Stores, Inc.,* 21 Wn.2d 742, 153 P.2d 286 (1944). The question, therefore, of whether certain photographic exhibits would, on retrial, be admitted may not be considered by either the trial court or this court while functioning pursuant to the provisions of that statute.

We have examined the record against the backdrop of recent cases of the Supreme Court and our own court dealing with the application of RCW 4.76.030. In our judgment, $40,000, although high, was not unmistakably the result of passion or prejudice on the part of the jury. The order appealed from is reversed and the cause remanded to the superior court with direction to enter judgment in favor of Allen in the amount of $40,000.

HOROWITZ and CALLOW, JJ., concur.