[No. 4009–1. Division One. April 4, 1977.]

ROY A. KRAUSE, *Respondent,* v. GEORGE E. McINTOSH, *as Administrator, Appellant.*

*Boynton Kamb,* for appellant.

*Bangs & Castle* and *Truman Castle,* for respondent.

ANDERSEN, J.—

FACTS OF CASE

The administrator of the estate of Simon P. Olson appeals from a $40,000 judgment for personal injuries sustained by Roy A. Krause in a highway accident.

The accident occurred on November 17, 1971, in Skagit County. Mr. Krause was driving a large 4–unit truck and trailer combination southbound on Highway I–5, an interstate arterial highway. According to his testimony, as well as that of an eyewitness immediately following his truck, its speed was within the legal speed limit. It was daylight but approaching dusk and the headlights of the truck were on.

Mr. Olson was driving his vehicle eastbound on Hickox Road approaching its intersection with I–5. It is not entirely clear from the record whether or not Mr. Olson stopped at the stop sign which marked the intersection of Hickox Road. It is clear, however, that the Olson vehicle pulled out into the southbound lanes of I–5 when Krause was only about two truck lengths from it. Krause swerved his truck to the left in an unsuccessful effort to avoid the collision, and the Olson vehicle struck the right side of the truck.

Mr. Olson was killed in the collision. Mr. Krause, who sustained back and neck injuries in the accident, sued the administrator of Mr. Olson's estate. The parties will for convenience be referred to herein as "plaintiff" and "administrator" respectively.

The case was tried to a jury. The trial court directed a verdict for the plaintiff on the issue of liability and the jury found damages in the sum of $40,000. The trial court entered judgment in that sum after denying the administrator's motion for judgment notwithstanding the verdict and, in the alternative, for a new trial.

The administrator appeals.

Four issues are dispositive of this case.

## ISSUES

ISSUE ONE. Did plaintiff file proper proof of service of the creditor's claim against the decedent's estate?

ISSUE TWO. Did the trial court err by directing a verdict for the plaintiff on the issue of liability?

ISSUE THREE. Did the trial court err by not determining that the damages were so excessive as to unmistakably indicate that the verdict was a result of passion and prejudice?

ISSUE FOUR. Do the administrator's remaining assignments of error, for which no authority is cited, appear on their face to be meritorious?

## DECISION

ISSUE ONE.

CONCLUSION. A signed rejection of a creditor's claim, appearing on the face of the creditor's claim which was timely filed, is proper "proof of such service" as required by the language of the probate code then in effect.

The probate code in effect at the time the decedent's estate was probated required the personal representative of the estate to publish a notice to creditors and

all persons having claims against the deceased to serve the same on the personal representative or his attorney of record, and file with the clerk of the court, *together with proof of such service*, within four months after the date of the first publication of such notice.

(Italics ours.) Laws of 1965, ch. 145, § 11.40.010, p. 1477. It is to be noted that the words "together with proof of such service," on which the administrator here relies, were subsequently deleted from the statute. Laws of 1974, 1st Ex. Sess., ch. 117, § 33, p. 303 (effective October 1, 1974); RCW 11.40.010.

A creditor's claim was timely filed on behalf of the plaintiff. On page 2 of the claim, the personal representative signed and dated his rejection of the claim. The administrator argues that this was not proper proof of service as required by the statute and that the trial court erred in not

granting the administrator's motion to dismiss the suit against the estate on that basis. We disagree.

In common usage, the word "proof" is often used as a synonym for "evidence." *State v. Poole,* 64 Wash. 47, 52, 116 P. 468 (1911). It was so used in the statute in question. Thus, the only requirement was that evidence of timely service on the personal representative or his attorney be filed. The signed and dated notation of rejection of the claim by the administrator was evidence that he had received the claim and constituted sufficient proof of service to comply with the statute.

The trial court did not err in denying the motion to dismiss.

ISSUE TWO.

CONCLUSION. The decedent was negligent as a matter of law. Since the administrator failed to present any substantial evidence that the accident would not have occurred if the decedent had not pulled out onto the arterial as he did, the trial court correctly determined that the estate was liable as a matter of law.

It is uncontroverted that the decedent violated the statute requiring him to stop and yield the right–of–way to vehicles traveling on Highway I–5. RCW 46.61.190(2); RCW 46.61.195. The violation of a statute relating to the rules of the road is negligence per se. *Western Packing Co. v. Visser,* 11 Wn. App. 149, 152, 521 P.2d 939 (1974). A favored driver on an arterial protected by a stop sign has one of the strongest rights–of–way which the law allows. *Poston v. Mathers,* 77 Wn.2d 329, 333, 462 P.2d 222 (1969). The decedent was negligent as a matter of law.

The administrator argues further, however, that the liability issue should have been permitted to go to the jury as to the plaintiff's alleged contributory negligence.

In *Bonica v. Gracias,* 84 Wn.2d 99, 524 P.2d 232 (1974) the State Supreme Court upheld a trial court ruling directing a verdict for the plaintiff on the issue of liability and refusing to submit the issue of contributory negligence to the jury. The court there stated the rule to be that before

an issue of contributory negligence can be submitted to the jury,

> There must be substantial evidence that plaintiff's own negligence proximately contributed to the injury or evidence from which such negligence can be reasonably inferred. *Jackson v. Seattle,* 15 Wn.2d 505, 131 P.2d 172 (1942).

*Bonica v. Gracias, supra* at 100.

 In the present case, the testimony is undisputed that the plaintiff was driving within the speed limit on an arterial highway, and with his headlights on for added protection, when the decedent pulled out onto the arterial just as the plaintiff arrived at the intersection. There is no eyewitness or expert witness testimony that the plaintiff's truck was traveling too fast for conditions. The trial court ruled that regardless of the speed that the plaintiff's truck was traveling, the proximate cause of the accident was the decedent's negligence. We agree. There was no substantial evidence of any contributory negligence on the plaintiff's part and the administrator's argument based on some of the evidence relating to the point of impact does not rise above speculation.

The administrator failed to prove that but for the decedent's pulling out onto the arterial, the collision would not have occurred. That was the administrator's burden and he failed to meet it. *Bonica v. Gracias, supra* at 100; *Everest v. Riecken,* 26 Wn.2d 542, 546, 174 P.2d 762 (1946). The trial court properly directed a verdict for the plaintiff on the issue of liability.

ISSUE THREE.

CONCLUSION. The trial court did not err in refusing to set aside the verdict as excessive, since the verdict was not beyond the range of the evidence so as to show that it was unmistakably the result of passion and prejudice.

The jury by its verdict determined the plaintiff's damages for his personal injuries to be $40,000. No claim is

made that the jury was not properly instructed as to damages. The trial court refused to set the verdict aside on the grounds of excessiveness.

The applicable rule is as follows:

> In order for a jury verdict to be set aside because of its size, passion and prejudice must be so clearly present as to be unmistakable. When the amount of a verdict is reasonably within the range of the evidence admitted on the element of damages, it cannot be held as a matter of law to be so excessive as to establish that the jury was motivated by passion or prejudice. *James v. Robeck,* 79 Wn.2d 864, 490 P.2d 878 (1971). When the amount awarded exceeds rational bounds to the extent that the award could only have been reached by a jury that had forsaken sensible thought and reached its verdict out of outrage, animosity or spite, it is then, and only then, that a court should interfere with a jury verdict because of its size. *Johnson v. Marshall Field & Co.,* 78 Wn.2d 609, 478 P.2d 735 (1970); *Hogenson v. Service Armament Co.,* 77 Wn.2d 209, 461 P.2d 311 (1969); *Leak v. United States Rubber Co.,* 9 Wn. App. 98, 511 P.2d 88 (1973); *Allen v. Union Pac. R.R.,* 8 Wn. App. 743, 509 P.2d 99 (1973); *Duchsherer v. Northern Pac. Ry.,* 4 Wn. App. 291, 481 P.2d 929 (1971).

*Ryan v. Westgard,* 12 Wn. App. 500, 513, 530 P.2d 687 (1975).

■ We will not substitute our judgment for that of the jury or for that of the trial judge when he denied the motion for a new trial based on the allegedly excessive verdict unless we are shocked by the amount of the award. *Weber v. Biddle,* 72 Wn.2d 22, 26, 431 P.2d 705 (1967).

We are not shocked by the amount of the award, and it was within the bounds of sensible thought. The assignment of error is not well taken.

Issue Four.

Conclusion. We have reviewed the administrator's assignments of error Nos. 3, 4, 5, 6 and 7. Most of the issues raised thereby have been disposed of by our decision on the previous issues. No citations of authority are presented in connection with such assignments of error, and since none

of them appear on their face to be well taken, they will not be further considered.

The administrator's remaining assignments of error come within the rule that we have recently restated:

This court will not give consideration to a claim of error which is unaccompanied by citation of authority unless it is apparent without further research that the assignment is well taken. *DeHeer v. Seattle Post–Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962); *Corbin v. Madison*, 12 Wn. App. 318, 322, 529 P.2d 1145 (1974).

*Charles Pankow, Inc. v. Holman Properties Inc.*, 13 Wn. App. 537, 539–40, 536 P.2d 28 (1975).

Our review of the remaining assignments of error and the record discloses no apparent error in the respects claimed.

Affirmed.

WILLIAMS and CALLOW, JJ., concur.