[No. 26138.   Department Two.   January 5, 1937.]

GUST H. STEEN, *Respondent*, v. VERNON C. HEDSTROM, *Appellant*.[1]

¹Reported in 63 P. (2d) 507.

*Shank, Belt, Rode & Cook,* for appellant.

*Morris & Dubuar,* for respondent.

MILLARD, C. J.—On the afternoon of January 1, 1935, plaintiff was walking easterly on the right hand side of a highway near Redmond, about three feet from the right hand edge of the road. The highway was twenty-five feet wide and paved to a width of twenty feet. There was a railing on each side of the highway about three and one-half feet high and two and one-half feet from the edge of the pavement, which had a five per cent down-grade toward the east. The pavement was dry. It was broad daylight, and there was a clear view between the scene of the accident and a point five or six hundred feet west of that point.

Defendant was operating his automobile, which was proceeding in an easterly direction, the same direction in which pedestrian plaintiff was going, at a speed of twenty-five to thirty miles an hour, which was not in excess of the maximum speed allowed by the statute. Defendant first noticed the plaintiff when the former was approximately two hundred feet behind the latter. From that time until the accident, the plaintiff was in clear view of the defendant. There was no interfering traffic in either direction, and plaintiff did not know until approximately the time he was struck by the automobile that the defendant's automobile was approaching from the rear. His excuse for following the right hand side of the highway was that he wanted to avoid crossing the street twice, as his destination was the post office at Redmond, which was on the right hand side of the highway.

It fairly appears from the evidence that, when the space of approximately two hundred feet separated the plaintiff and the defendant, the latter first noticed the plaintiff, and, as there was no traffic proceeding from

the east, the defendant swerved out gradually to the center of the road and proceeded on down the center of the road until he was from ten to twenty-five feet behind the plaintiff. At this time, almost contemporaneous with the sounding by the defendant of his horn, the plaintiff started to the left across the road. The defendant continued to swerve to the extreme left hand side of the road, and applied his brakes. He stopped his automobile in about twenty-eight feet from the time he sounded his horn. The bumper of the defendant's automobile struck the plaintiff, but no wheel of defendant's automobile passed over the plaintiff. The defendant's automobile did not travel more than three feet after the collision before it was brought to a stop.

The plaintiff did not, seemingly, remember anything other than he was struck by the defendant's automobile.

The cause was submitted to a jury. Defendant's challenge, at the close of the plaintiff's case, to the sufficiency of the evidence was not sustained. The jury returned a verdict in favor of the defendant. Plaintiff's motion for a new trial was granted. That order states that the motion was granted on account of the giving of erroneous instructions and the refusal of the court to give instructions requested by the plaintiff. Defendant appealed.

Counsel for appellant first contend that there was no showing of negligence on the part of appellant, and that the contributory negligence of the respondent in walking on the right hand side of the highway was the proximate cause of respondent's injury and precludes recovery for the injury sustained.

Unless there was sufficient evidence to submit to the jury the question of last clear chance, the judgment must be reversed.

■ In walking on the right hand side of the highway, the respondent violated the statutory provision (Rem. Rev. Stat., § 6362-41 [P. C. § 196-41], subd. (6) ) which requires pedestrians on highways to travel on and along the left side of the highway, and that pedestrians upon meeting an oncoming vehicle shall step off the paved or main traveled portion of the highway. Clearly, the respondent was guilty of negligence, and as a proximate result of that negligence he was injured. His negligence never terminated nor culminated in a situation of peril from which he could not by the exercise of reasonable care extricate himself. His negligence continued up to the instant of the injury.

The appellant was not traveling at a speed in excess of that fixed by the statute as the maximum. It is true that the respondent was in clear view of the appellant when they were distant approximately two hundred feet from each other. Not until within ten to twenty-five feet of the respondent was it apparent to the appellant that the respondent intended to remain on the right hand side of the highway, where he had no right to be. Appellant had the right to assume that the respondent would exercise reasonable care for the safety of his person and take the two or three steps necessary to place him off the highway where he would be safe.

When ten to twenty-five feet distant from the respondent, the appellant sounded his horn. About the same time, the respondent, in absolute disregard of his safety, proceeded to the left across the highway. Instead of exercising great care, according to his own testimony, the respondent took no precaution whatever. He walked on heedlessly, without using prudence or his faculties, and when the horn was sounded, even if sounded an instant prior to his veering to the left to cross the highway, instead of proceeding to a place

of safety, which could have been attained within two to three steps, he stepped or ran in front of the automobile, which was swerving away from him at the time of the collision. That he was unaware of the approach of the automobile until the sounding of the horn, or that he became confused thereby, and proceeded in the wrong direction, as urged by counsel for respondent, emphasizes the lack of care of the respondent and convicts him of contributory negligence.

Whether the appellant was prompted to sound the horn by the veering of the respondent to the left as he was walking down the road, or whether the appellant sounded his horn out of an excess of precaution, in neither event discloses negligence by the appellant. The duty imposed upon the respondent pedestrian when he heard that horn was to proceed to his right off of the pavement. If he had done that or stayed where he was, he would not have been injured. When the respondent heard the blast of the horn, he did the only thing which could have caused the accident—he proceeded to the left across the highway, when the appellant had not more than fifteen to twenty feet in which to stop his automobile or dodge the respondent.

It did not become apparent to the appellant until ten to twenty-five feet distant from the respondent that the respondent would continue on the right hand side of the highway or would veer to the left. The appellant did not until then see the peril of the respondent and appreciate the danger. It follows that the last clear chance doctrine is not applicable, as last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury, or the proof of circumstances which will put the one charged to implied notice of the situation.

The case of *Flagg v. Vander Yacht*, 174 Wash. 521, 24 P. (2d) 1063, upon which respondent relies, is distinguishable on the facts from the case at bar. In that case, it appears that the operator of the car sounded her horn repeatedly, and the pedestrian gave no evidence that he heard it or that he was aware of the approach of the automobile. It would appear from the opinion in that case that the operator of the automobile saw the peril of the pedestrian and should have appreciated his danger within sufficient time to effectually act to save that pedestrian from injury. No such facts are present in the case at bar. The proximate cause of this accident was the respondent's negligence, which precludes recovery from his injuries. To hold otherwise would defeat the very purpose of the statutory provision that pedestrians "shall travel on and along the left side of said highway." Rem. Rev. Stat., § 6362-41 [P. C. § 196-41], subd. (6).

The order is reversed, and the cause remanded with direction to enter judgment upon the verdict.

MAIN, BLAKE, HOLCOMB, and BEALS, JJ., concur.