[No. 30472. Department One. May 13, 1948.]

JACK EVEREST, *Appellant*, v. HARVEY RIECKEN *et al., Respondents.*[1]

[1]Reported in 193 P. (2d) 353.

*James Tynan,* for appellant.

*John MacGillivray,* for respondents.

HILL, J.—On the first trial of this case, it was dismissed on a motion for a directed verdict. The judgment of dis-

missal was reversed by this court, and the case was remanded to the superior court with instructions to grant a new trial. *Everest v. Riecken,* 26 Wn. (2d) 542, 174 P. (2d) 762. At that time the father and mother of Jack Everest, and his father as his guardian *ad litem,* were the plaintiffs (and appellants). Subsequently, Jack Everest became of age and was substituted as the sole plaintiff. On the second trial, the jury found for the defendants, and from a judgment of dismissal this appeal is taken.

As there is a detailed statement of the facts in the opinion above referred to, we will set forth only such facts as are essential to a consideration of the questions raised on this appeal.

The appellant's principal contention is that the following instruction on last clear chance should have been given:

"You are instructed that although the plaintiff [appellant] may have been guilty of negligence in operating his bicycle without a lighted head lamp, and although that negligence may in fact have contributed to the accident, yet if that negligence had culminated in a situation of peril from which the plaintiff could not extricate himself, and the defendant [respondent], in the exercise of reasonable care, should have seen the plaintiff in time to avoid injury, the plaintiff's negligence will not excuse the defendant, and the plaintiff is entitled to recover."

The respondents' minor son, to whom we will hereafter refer as though he were the respondent, was driving an automobile north on a city street; the appellant was riding a bicycle south on that street. There was a car or cars parked on the west side of the street, and the appellant was hit while passing a parked car. The respondent may be assumed to have been negligent in driving on the west side of the center line of the street, in failing to keep a proper lookout ahead, and in exceeding the speed limit. The appellant was negligent in riding a bicycle at 10:15 p.m. without a lighted head lamp thereon. The respondent did not see the appellant, and the appellant's negligence had not terminated; but the appellant argues that, even though his negligence had not terminated, it had culminated in a position of peril from which he could not extricate himself.

In *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302, we said—and this statement has been often quoted as the Washington rule:

"Thus we have two different situations to which the last clear chance rule applies. In the one, the plaintiff's negligence may continue up to the time of the injury if the defendant *actually sees* the peril; in the second, the plaintiff's negligence must have terminated if the defendant did not actually see the peril, but by the exercise of reasonable care *should have seen* it."

If this represented the final word in this state on the doctrine of last clear chance, the appellant's negligence not having terminated and the respondent not having seen him, the doctrine would have no application to the present case.

▮ The appellant contends, in effect, that the second situation above referred to should read:

". . . in the second, the plaintiff's negligence must have terminated *or culminated in a situation of peril from which the plaintiff could not, by the exercise of reasonable care, extricate himself,* if the defendant did not actually see the peril but by the exercise of reasonable care should have seen it."

The appellant's contention is correct if the statement in *Leftridge v. Seattle, supra,* was intended, as it purports to be, as an approval and restatement of the rule laid down in *Mosso v. E. H. Stanton Co.,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A, 943. Judge Mackintosh, who wrote the opinion in the *Leftridge* case, said:

"Going no farther back into the decisions than to *Mosso v. Stanton Co.,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943, we find that case endeavored to clarify the last clear chance rule and define two separate conditions under which it was applicable, and the rule is announced as (1) that where the defendant *actually* saw the peril of a traveler on the highway and should have appreciated the danger and failed to exercise reasonable care to avoid injury, such failure made the defendant liable, although the plaintiff's negligence may have continued up to the instant of the injury; but (2) that where the defendant did not actually see the peril of the plaintiff, but by keeping a reasonably careful lookout commensurate with the dangerous character of the

agency and the locality *should have seen* the peril and appreciated it in time, by the exercise of reasonable care, to have avoided the injury, and failure to escape the injury results from failure to keep that lookout and exercise that care, the defendant was liable only when the plaintiff's negligence had terminated or culminated in a situation of peril from which the plaintiff could not, by the exercise of reasonable care, extricate himself."

We have never construed the second division of the Washington rule as excluding the situation in which the plaintiff's negligence, though not terminated, has culminated in a situation of peril from which he could not, by the exercise of reasonable care, extricate himself.

In our recent case of *Thompson v. Porter,* 21 Wn. (2d) 449, 151 P. (2d) 433, in which we reviewed at some length our holdings on the doctrine of last clear chance, it was said:

"Appellant further contends that the case should have been sent to the jury under the second division of the rule. Under that division the defendant may be held liable under the doctrine of last clear chance, notwithstanding the negligence of the injured person and even if he did not see him, but should have seen his peril and appreciated it in time to have, by reasonable care, avoided the injury. But, under those circumstances, the defendant can *only* be held liable:

" ' . . . when the plaintiff's negligence had terminated or culminated in a situation of peril from which the plaintiff could not, by the exercise of reasonable care, extricate himself.' "

 Being thus far in accord with the appellant's position so far as the extent of the doctrine is concerned, we come now to a consideration of its applicability to the facts in the present case. The appellant's argument that his negligence had culminated in a situation of peril hinges upon the assumption that, while the appellant was alongside the parked car, there was not sufficient room to avoid the oncoming car of the respondent, and that, consequently, the appellant was inextricably trapped. It is clear that, until the appellant started to pass the parked car on his bicycle, he could at any moment have extricated himself from his position of peril by turning to his right; and, under such circumstances, his continuing negligence could not be said to have cul-

minated in a position of peril from which he could not, with reasonable care, have extricated himself. *Shea v. Yellow Cab Co.,* 184 Wash. 109, 49 P. (2d) 925; *Steen v. Hedstrom,* 189 Wash. 75, 63 P. (2d) 507; *Thompson v. Porter, supra.*

If we assume that, from the instant the appellant commenced to pass the parked car, he was inextricably trapped, we must recognize that the perilous situation was limited to the fleeting moments when he was alongside the parked car. The inextricable peril arose and the danger struck within two ticks of a watch.

All of the cases cited by the appellant in which the last clear chance doctrine was held to be applicable because the plaintiff's negligence had culminated in a position of peril from which he could not extricate himself, were cases where his position would have been apparent to the approaching driver, motorman, or engineer for an appreciable period of time had he been keeping a proper lookout. *Nicol v. Oregon-Washington R. & Nav. Co.,* 71 Wash. 409, 128 Pac. 628, 43 L. R. A. (N.S.) 174 (automobile stalled at a railroad crossing); *Herrick v. Washington Water Power Co.,* 75 Wash. 149, 134 Pac. 934, 48 L. R. A. (N.S.) 640 (drunken man lying on a streetcar track); *Mosso v. E. H. Stanton Co., supra* (erroneous instructions given and new trial granted, but opinion indicates that doctrine was applicable where driver of truck had an unobstructed view of plaintiff for a distance of 327 feet).

See, also, *Chapin v. Stickel,* 173 Wash. 174, 22 P. (2d) 290 (defendant driver who hit stalled truck could have seen its taillight for two hundred feet), and *Smith v. Bratnober,* 188 Wash. 244, 62 P. (2d) 455 (defendant driver who hit car stopped crosswise of road could have seen its position for four or five hundred feet), in which we held the last clear chance doctrine to be applicable although the drivers could not have seen any persons in peril but should have seen situations which would indicate that human beings were in peril. Wherever we have applied the last clear chance doctrine in that type of case, it has always been clear that the situation would have been apparent to the ap-

proaching driver for an appreciable period had he been keeping a proper lookout.

We are concerned not with a last possible chance but with a last clear chance; and a clear chance to avoid a collision involves the element of sufficient time to appreciate the peril of the party unable to extricate himself and to take the necessary steps to avoid injuring him. As we said in *Steen v. Hedstrom, supra:*

"Last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury";

or, as was said in *McLeod v. Charleston Laundry Co.,* 106 W. Va. 361, 145 S. E. 756, and quoted with approval in *Juergens v. Front,* 111 W. Va. 670, 163 S. E. 618:

" 'The authorities are unanimous in holding . . . that there must be an appreciable interval of time intervening between the injury and the driver's knowledge or notice of the . . . dangerous situation.' "

See, also, *Bagwill v. Pacific Electric R. Co.,* 90 Cal. App. 114, 265 Pac. 517, where the appellate court of California said:

"Certainly the doctrine of last clear chance never meant a splitting of seconds when emergencies arise. There seems still to be some misconception of this doctrine. . . . It was not devised as a last resort to fasten liability on defendants. . . . We are not to tear down the facts of a case and rebuild the same so that, by a trimming down and tight-fitting operation, something can be constructed upon which may be fastened the claim of last clear chance. The words mean exactly as they indicate, namely, last *clear* chance, not possible chance."

(Quoted and approved in *Erwin v. Morris,* 10 Cal. App. (2d) 168, 51 P. (2d) 149, and numerous other California cases, the latest being *Berton v. Cochran,* 185 P. (2d) (Cal. App.) 349, which also involved a collision between an automobile and a bicycle.)

It is unnecessary to multiply the authorities on this point. In the instant case, the negligence of the appellant had not terminated; and, if it had culminated in a position

of peril from which the appellant could not extricate himself, it does not appear that the respondent saw or, in the exercise of due care, should have seen the appellant in a position of inextricable peril in time to have, by the exercise of reasonable care, avoided injuring him. The trial court therefore committed no error in refusing to give the requested instruction.

■■ The appellant requested an instruction directing the jury to take into consideration, in determining whether or not the appellant was guilty of contributory negligence in not having a lighted head lamp on his bicycle,

". . . his experience or lack of experience, his knowledge or lack of knowledge, the amount of prudence and care and judgment which would ordinarily and reasonably be expected of a boy of that age under the circumstances and conditions shown by the testimony in this case."

The appellant was, at the time of the accident, fifteen years and four months of age and in the ninth or tenth grade. The only negligence referred to in the instruction was that of riding the bicycle without a lighted head lamp. He admitted that he knew a head lamp was required, and that he knew the purpose of the requirement. His violation of Rem. Rev. Stat., Vol. 7A, § 6360-20 [P.P.C. § 291-13], constituted negligence *per se,* and the only issue properly to be presented to the jury in connection therewith was whether that negligence was a proximate cause of the collision; and, as to that, his knowledge, experience, and prudence or lack thereof had no bearing.

■■ The appellant also requested an instruction beginning,

"You are instructed that . . . failure to display a lighted head-lamp is not conclusive proof that Jack Everest was guilty of contributory negligence . . . ,"
which instruction then stated that such failure was merely a circumstance which they might take into consideration, along with

". . . the condition of the weather and season as bearing upon the question of visibility, the illumination afforded by the street lamp, if any, and the lights from Van's store, if they afforded any illumination."

The instruction was cleverly phrased, because there could be no contributory negligence unless the negligence of the appellant was also a proximate cause of his injuries, and the conditions referred to in the latter part of the instruction were material on the issue of proximate cause. Without the word "contributory" before the word "negligence," the instruction would have been clearly erroneous, because the use of the bicycle without a lighted head lamp was negligence *per se*, and the conditions referred to in the latter part of the instruction, while not objectionable so far as the issue of proximate cause was concerned, had absolutely no bearing on the question of the negligence of the appellant. The use of the words "contributory negligence" in this instruction, even if technically correct, would have been confusing to the jury, and it was not error for the trial court to refuse to give it.

Another instruction requested was intended to inform the jury that, if the respondent's negligence was found to be a proximate cause of the collision and the appellant's negligence was found to be a remote cause or a mere condition of the collision, as distinguished from a proximate cause thereof, the appellant would be entitled to recover. The instruction actually requested did not adequately or properly present that proposition to the jury; but, disregarding the form of the proposed instruction, we are satisfied that the appellant was not entitled to an instruction of that character, and we are in entire accord with the trial court in its refusal to give it. All of the conduct of the parties is embraced within the issues of negligence and contributory negligence. The jury was adequately instructed on those issues, and to interject the idea of "remote cause, or a mere condition of the collision" into the case would have been not only confusing but without any justification. The case of *Price v. Gabel*, 162 Wash. 275, 298 Pac. 444, distinguishes the case of *Redford v. Spokane Street R. Co.*, 15 Wash. 419, 46 Pac. 650, relied upon and quoted by the appellant.

The appellant contends that the general effect created by the instructions was unfavorable to him; we think not more so than the factual situation of riding a bicycle into

a position of obvious peril made necessary. The appellant's theory of the case was fairly presented to the jury.

As we are unable to agree with the appellant in any of his contentions, the judgment appealed from is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.

June 24, 1948. Petition for rehearing denied.