■ CHAD TRIPPY, an Infant, by GENEVIEVE T. CARLSON, as Mother and Natural Guardian, et al., Appellants, v. CARL J. BASILE et al., Respondents.— Judgment unanimously reversed, on the law, and a new trial granted, with costs to abide the event. Memorandum: The infant plaintiff, five and one-half years of age, was struck by defendant's motor vehicle while crossing the street with three other children about 3:00 P.M. The evidence presented fair questions of fact as to the negligence of the defendant and the contributory negligence of the plaintiff. From the proof the jury could have found that defendant's view was unobstructed, that she saw children crossing the street and that she did not attempt to sound her horn or stop the car but attempted to go around the children by steering her car into the left lane. It could also have found that the infant plaintiff was not crossing the street at the crosswalk and that he jumped, darted or ran into the street without looking. We would not disturb the jury's verdict of no cause for action were it not for errors committed in connection with the charge, prejudicial to the plaintiff and requiring a new trial. The court instructed the jury that a violation of a statute is negligence, and that it was the duty of the infant plaintiff to exercise the care and caution expected of an ordinary, reasonable boy of his age, experience and intelligence. Plaintiff excepted to the charge that the violation of a statute is negligence as such, and to the denial of his request to charge that a child cannot be guilty of contributory negligence by reason of a statutory violation unless the jury finds that "he has the mental capacity to understand the nature of the statute and make calculations required to render the statutory duty applicable". The instruction given, in light of the refusal to charge as requested, was prejudicial error. Plaintiff, an infant five and one-half years old, was chargeable with negligence for violation of the statute only if he had the age, experience, intelligence, development and mental capacity to understand the meaning of the statute and to comply therewith (Hicks v. Demascole, 25 A D 2d 487; Van v. Clayburn, 21 A D 2d 144; Chandler v. Keene, 5 A D 2d 42; 1 PJI 2:49). (Appeal from judgment of Chautauqua Trial Term dismissing complaint in automobile negligence action.) Present — Witmer, J. P., Cardamone, Simons, Goldman and Del Vecchio, JJ.