■ DAWN M. POCZKALSKI, an Infant, by her Parent and Natural Guardian, CONSTANTINE POCZKALSKI, JR., et al., Appellants, v WILMA A. CARTWRIGHT, Respondent.—Judgment unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: In this negligence action the plaintiff was 12 years old at the time of the accident. With her bicycle she was crossing Sheridan Drive in the City of Buffalo, a six-lane highway, three lanes in each direction divided by a mall, and had reached the center mall. There is evidence that she then looked to her right, saw defendant's automobile approaching a short distance away and she proceeded to cross, during which she was in collision with defendant's automobile in the middle of the west bound lanes. Defendant testified that she did not see the plaintiff before the collision in this wide open intersection. From the jury's verdict of no cause for action the plaintiffs appeal, asserting several grounds of error, particularly in the court's charge. Although the court charged several fundamental rules respecting negligence, contributory negligence, statutory violation, proximate cause and the effect of infancy, it failed to zero in on the relationship between plaintiff's infancy and the statutory provisions, and it concluded its charge in this respect with the unhelpful statement that "what we are trying to say here is that where you're dealing with an infant the standard is a little different than it would be for an adult." The court charged that if plaintiff violated subdivision (a) of section 1142 of the Vehicle and Traffic Law (providing that a driver having stopped at a stop sign at an intersection, shall yield the right of way to any vehicle which has entered it from another highway), it constituted contributory negligence and would bar recovery. It did not charge, as it should, the full substance of Pattern Jury Instructions charge 2:49 (PJI 2:49) which reads as follows: "Although the violation of a statute by an adult

plaintiff constitutes contributory negligence if such violation is a proximate cause of his injury, where the violation is by an infant plaintiff, it is a question of fact for you, the jury, to determine whether or not the infant will be charged with the violation. If you find that the infant on the basis of his age, experience, intelligence and development had the mental capacity to understand the meaning of the statute and to comply therewith, you should charge him with negligence for its violation. If, on the other hand you find that the infant lacked the mental capacity to understand its meaning and comply with it, you should not charge him with negligence for its violation." (See, also, *Trippy v Basile,* 44 AD2d 759; *Van v Clayburn,* 21 AD2d 144; *Chandler v Keene,* 5 AD2d 42; *Locklin v Fisher,* 264 App Div 452.) The charge to which exception was taken was inadequate and confusing, necessitating reversal and the grant of a new trial. (Appeal from judgment of Erie Supreme Court—negligence.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.