[No. 45685. En Banc. August 2, 1979.]

WILLIAM ROBINSON, *Respondent,* v. JOHN LINDSAY, ET AL, *Appellants,* ROBERT ANDERSON, ET AL, *Petitioners.*

*Huppin, Ewing, Anderson & Hegert, P.S.,* and *Robert F. Ewing,* for petitioners.

*Malott, Southwell & O'Rourke, P.S.,* and *Robert A. Southwell* (*Richard C. Eymann,* of counsel), for respondent.

UTTER, C.J.—An action seeking damages for personal injuries was brought on behalf of Kelly Robinson who lost full use of a thumb in a snowmobile accident when she was 11 years of age. The petitioner, Billy Anderson, 13 years of age at the time of the accident, was the driver of the snowmobile. After a jury verdict in favor of Anderson, the trial court ordered a new trial.

The single issue on appeal is whether a minor operating a snowmobile is to be held to an adult standard of care. The trial court failed to instruct the jury as to that standard and ordered a new trial because it believed the jury should have been so instructed. We agree and affirm the order granting a new trial.

The trial court instructed the jury under WPI 10.05 that:

> In considering the claimed negligence of a child, you are instructed that it is the duty of a child to exercise the same care that a reasonably careful child of the same age, intelligence, maturity, training and experience would exercise under the same or similar circumstances.

Respondent properly excepted to the giving of this instruction and to the court's failure to give an adult standard of care.

The question of what standard of care should apply to acts of children has a long historical background. Traditionally, a flexible standard of care has been used to determine if children's actions were negligent. Under some circumstances, however, courts have developed a rationale for applying an adult standard.

In the courts' search for a uniform standard of behavior to use in determining whether or not a person's conduct has fallen below minimal acceptable standards, the law has developed a fictitious person, the "reasonable man of ordinary prudence." That term was first used in *Vaughan v. Menlove,* 132 Eng. Rep. 490 (1837).

Exceptions to the reasonable person standard developed when the individual whose conduct was alleged to have been negligent suffered from some physical impairment, such as blindness, deafness, or lameness. Courts also found it necessary, as a practical matter, to depart considerably from the objective standard when dealing with children's behavior. Children are traditionally encouraged to pursue childhood activities without the same burdens and responsibilities with which adults must contend. *See* Bahr, *Tort Law and the Games Kids Play,* 23 S.D.L. Rev. 275 (1978). As a result, courts evolved a special standard of care to measure a child's negligence in a particular situation.

In *Roth v. Union Depot Co.,* 13 Wash. 525, 43 P. 641 (1896), Washington joined "the overwhelming weight of authority" in distinguishing between the capacity of a child and that of an adult. As the court then stated, at page 544:

[I]t would be a monstrous doctrine to hold that a child of inexperience—and experience can come only with years—should be held to the same degree of care in avoiding danger as a person of mature years and accumulated experience.

The court went on to hold, at page 545:

The care or caution required is according to the capacity of the child, and this is to be determined ordinarily by the age of the child.
. . .
". . . a child is held . . . only to the exercise of such degree of care and discretion as is reasonably to be expected from children of his age."

The current law in this state is fairly reflected in WPI 10.05, given in this case. In the past we have always compared a child's conduct to that expected of a reasonably careful child of the same age, intelligence, maturity, training and experience. This case is the first to consider the question of a child's liability for injuries sustained as a result of his or her operation of a motorized vehicle or participation in an inherently dangerous activity.

■ Courts in other jurisdictions have created an excep-

tion to the special child standard because of the apparent injustice that would occur if a child who caused injury while engaged in certain dangerous activities were permitted to defend himself by saying that other children similarly situated would not have exercised a degree of care higher than his, and he is, therefore, not liable for his tort. Some courts have couched the exception in terms of children engaging in an activity which is normally one for adults only. *See, e.g., Dellwo v. Pearson,* 259 Minn. 452, 107 N.W.2d 859, 97 A.L.R.2d 866 (1961) (operation of a motorboat). We believe a better rationale is that when the activity a child engages in is inherently dangerous, as is the operation of powerful mechanized vehicles, the child should be held to an adult standard of care.

Such a rule protects the need of children to be children but at the same time discourages immature individuals from engaging in inherently dangerous activities. Children will still be free to enjoy traditional childhood activities without being held to an adult standard of care. Although accidents sometimes occur as the result of such activities, they are not activities generally considered capable of resulting in "grave danger to others and to the minor himself if the care used in the course of the activity drops below that care which the reasonable and prudent adult would use . . ." *Daniels v. Evans,* 107 N.H. 407, 408, 224 A.2d 63 (1966).

Other courts adopting the adult standard of care for children engaged in adult activities have emphasized the hazards to the public if the rule is otherwise. We agree with the Minnesota Supreme Court's language in its decision in *Dellwo v. Pearson, supra* at 457–58:

> Certainly in the circumstances of modern life, where vehicles moved by powerful motors are readily available and frequently operated by immature individuals, we should be skeptical of a rule that would allow motor vehicles to be operated to the hazard of the public with less than the normal minimum degree of care and competence.

*Dellwo* applied the adult standard to a 12–year–old defendant operating a motorboat. Other jurisdictions have applied the adult standard to minors engaged in analogous activities. *Goodfellow v. Coggburn,* 98 Idaho 202, 203–04, 560 P.2d 873 (1977) (minor operating tractor); *Williams v. Esaw,* 214 Kan. 658, 668, 522 P.2d 950 (1974) (minor operating motorcycle); *Perricone v. DiBartolo,* 14 Ill. App. 3d 514, 520, 302 N.E.2d 637 (1973) (minor operating gasoline-powered minibike); *Krahn v. LaMeres,* 483 P.2d 522, 525–26 (Wyo. 1971) (minor operating automobile). The holding of minors to an adult standard of care when they operate motorized vehicles is gaining approval from an increasing number of courts and commentators. *See generally* Comment, *Capacity of Minors to be Chargeable with Negligence and Their Standard of Care,* 57 Neb. L. Rev. 763, 770–71 (1978); Comment, *Recommended: An Objective Standard of Care for Minors in Nebraska,* 46 Neb. L. Rev. 699, 703–05 (1967).

The operation of a snowmobile likewise requires adult care and competence. Currently 2.2 million snowmobiles are in operation in the United States. 9 BNA Envir. Rptr. 876 [1978 Current Developments]. Studies show that collisions and other snowmobile accidents claim hundreds of casualties each year and that the incidence of accidents is particularly high among inexperienced operators. *See* Note, *Snowmobiles—A Legislative Program,* 1972 Wis. L. Rev. 477, 489 n.58.

At the time of the accident, the 13–year–old petitioner had operated snowmobiles for about 2 years. When the injury occurred, petitioner was operating a 30–horsepower snowmobile at speeds of 10 to 20 miles per hour. The record indicates that the machine itself was capable of 65 miles per hour. Because petitioner was operating a powerful motorized vehicle, he should be held to the standard of care and conduct expected of an adult.

The order granting a new trial is affirmed.

ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HORO-
WITZ, DOLLIVER, and HICKS, JJ., and RYAN, J. Pro Tem.,
concur.