[No. 4762–8–III.   Division Three.   January 4, 1983.]

DONALD E. RENNER, *Individually and as Personal Representative,* ET AL, *Appellants,* v. BRIAN NESTOR, ET AL, *Respondents.*

*Jay A. Johnson* and *Davis, Arneil, Dorsey, Kight & Parlette,* for appellants.

*Robert F. Ewing, Jr.,* and *Huppin, Ewing, Anderson & Hergert,* for respondents.

MUNSON, J.—Mr. and Mrs. Renner, individually, and Mr. Renner as the personal representative of the estate of Virginia E. Renner (Liz), appeal from an adverse jury verdict where Liz was found to be 95 percent the cause of her own death. Although many issues are raised, the dispositive issue involves an instruction (WPI 60.01) which stated the violation of a statute is negligence as a matter of law.

Because Liz was 12 years old at the time of the accident, the instruction was error. We reverse and remand for a new trial on the issue of liability.

On September 26, 1979, Liz was struck by a car driven by Brian Nestor as she attempted to cross Highway 2 to catch her school bus. Liz was 12 at the time of the accident; she turned 13 September 28, 1979, and died October 1, 1979.

Mr. and Mrs. Renner brought suit alleging Mr. Nestor's negligence resulted in Liz' wrongful death. Mr. Nestor answered, alleging Liz' failure to exercise ordinary care was the sole proximate cause of her death. At the trial, the jury heard substantial evidence which indicated the accident may have occurred because Liz stepped onto the roadway without looking, or because Mr. Nestor was traveling almost 60 m.p.h. in a 45 m.p.h. zone, or both.

The Renners excepted to the court's instruction 16, which read:

> The violation, if you find any, of a statute is negligence as a matter of law. Such negligence has the same effect as any other act of negligence. [WPI 60.01.]

The exception was based on the child's age (12) and, when combined with instruction 19, encompassed an adult standard of ordinary care. Instruction 19 stated:

> A statute provides:
> That a pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.
> This right of way, however, is not absolute but relative, and the duty to exercise ordinary care to avoid collisions rests upon both parties. The primary duty, however, rests upon the party not having the right of way. [RCW 46.61-.235 and .240.]

To the exception, the court replied:

> It is a question of fact for the jury to decide whether the girl was negligent or not and we have given them an instruction as to how to evaluate the negligence of a minor.

The court was referring to instruction 9, which read:

When referring to a child, ordinary care means the same care that a reasonably careful child of the same age, intelligence, maturity, training and experience would exercise under the same or similar circumstances. [WPI 10.05.]

The jury found both parties negligent, awarded the Renners $125,000, but found Liz' negligence was 95 percent the proximate cause of the accident. The net recovery was $6,250.

The Renners appealed. They do not challenge the sufficiency of the evidence; rather, they argue the instruction was improper and misled the jury into applying a higher standard of conduct to Liz than the facts warrant.

■ As stated in *Kness v. Truck Trailer Equip. Co.*, 81 Wn.2d 251, 257–58, 501 P.2d 285 (1972):

In deciding whether violation of a public law or regulation shall be considered in determining liability, the *Restatement (Second) of Torts* § 286 (1965) properly states the rules:

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

This court has substantially adhered to these principles in a number of cases:

. . . Stated another way, if plaintiff, at the time of the events producing the injury, was of the class the statute was intended to protect and the injury was of the type the statute was designed to prevent, the question of whether the violation is negligence per se is one for judicial determination as a matter of law and the issue of proximate cause—unless it is so clear as to be established as a matter of law—remains for the determination of the trier of the facts. *See* Prosser, *Torts* § 36 (4th ed. 1971).

(Citations omitted.) *See also Herberg v. Swartz,* 89 Wn.2d 916, 922, 578 P.2d 17 (1978).

A conflict arises, however, when one party who may have violated a statutory norm is a child. For children past their sixth birthday, the capacity to be contributorially negligent is a question of fact measured by the child's age, intelligence, experience and knowledge of the surrounding circumstances, unless the minor engages in an activity normally reserved for adults. *Robinson v. Lindsay,* 92 Wn.2d 410, 412, 598 P.2d 392 (1979); *Graving v. Dorn,* 63 Wn.2d 236, 386 P.2d 621 (1963); *Burget v. Saginaw Logging Co.,* 198 Wash. 61, 86 P.2d 1117 (1939); *Von Saxe v. Barnett,* 125 Wash. 639, 217 P. 62 (1923); *Steele v. Northern Pac. Ry.,* 21 Wash. 287, 301–02, 57 P. 820 (1899); *Roth v. Union Depot Co.,* 13 Wash. 525, 43 P. 641, 44 P. 253 (1896); Annot., 174 A.L.R. 1170 (1948).[1] This judicial concern for minors is encompassed in WPI 10.05 (instruction 9).[2]

Here, the trial court, intending to leave the issue of Liz' negligence for the jury, erred by presenting the jury with conflicting standards by which to measure Liz' conduct. On the one hand, under instruction 9, it could treat her as a child, who may or may not meet the "adult" standard. On the other hand, instructions 16 and 19 informed the jury she had a primary duty to avoid a collision (adult standard) and the failure to avoid the collision was negligence as a matter of law (adult standard).

---

[1] Nestor correctly contends minors have been held negligent as a matter of law. *Everest v. Riecken,* 30 Wn.2d 683, 193 P.2d 353 (1948) (15–year–old riding a bicycle at night with no light); *Shutz v. Edgerton,* 126 Wash. 128, 217 P. 707 (1923) (13–year–old bicyclist holding on to moving van); *Olson v. Payne,* 116 Wash. 381, 199 P. 757 (1921) (12–year–old struck by a train). If the trial court had held Liz negligent as a matter of law, these older cases would perhaps guide our analysis. The precise issue here, however, is whether the jury was correctly instructed to consider Liz' age when applying a statutory standard of conduct.

[2] The Washington Supreme Court Committee on Jury Instructions recommends not giving WPI 10.01 (negligence), 10.02 (ordinary care) and 60.01 (statutory violation) when the duty involves a child.

As noted in *Rosenau v. Estherville,* 199 N.W.2d 125, 129 (Iowa 1972):

Assuming (without deciding) such violation would ordinarily be negligence per se or prima facie negligence, those concepts are in conflict with the enlightened rule that conduct of children is to be measured, not by adult standards, but the standard of reasonable behavior in children of similar age, intelligence and experience. We have long recognized this standard. In these cases where the two principles collide—where statute and child meet—the better reasoned decisions hold a child is not to be charged with negligence per se even though his conduct may involve violation of a statute which relating to an adult would require application of that rule.

(Citations omitted.) Other jurisdictions have held such a combination of instructions denies the child the protection he or she is due. *Herrell v. Pimsler,* 307 F. Supp. 1166 (D.D.C. 1969); *Daun v. Truax,* 56 Cal. 2d 647, 365 P.2d 407, 16 Cal. Rptr. 351 (1961); *Cummings v. County of Los Angeles,* 56 Cal. 2d 258, 363 P.2d 900, 14 Cal. Rptr. 668 (1961); *Bixenman v. Hall,* 251 Ind. 527, 242 N.E.2d 837 (1968).

Instructions which provide inconsistent decisional standards are erroneous and require reversal. *Crowley v. Barto,* 59 Wn.2d 280, 367 P.2d 828 (1962); *Coyle v. Seattle,* 32 Wn. App. 741, 649 P.2d 652 (1982); *Hinderer v. Ryan,* 7 Wn. App. 434, 499 P.2d 252 (1972).

The Renners' other claims of error are not well taken. No challenge has been made to the damage award. This case is reversed and remanded for a new trial on the liability issue; only the percent of each party's negligence remains for retrial.

ROE, C.J., and MCINTURFF, J., concur.