[No. 11439-5-I.   Division One.   July 23, 1984.]

DONALD T. BAUMAN, ET AL, *Appellants,* v. ROBERT S. CRAWFORD, *Respondent.*

*Miracle, Pruzan & Nelson, Howard P. Pruzan,* and *William F. Nelson,* for appellants.

*Helsell, Fetterman, Martin, Todd & Hokanson, Karen A. Southworth,* and *Lish Whitson,* for respondent.

CALLOW, J.—Donald T. Bauman, a minor, by his guardian ad litem, appeals the judgment entered following a jury verdict which found him 95 percent contributorially negligent for injuries arising out of an intersection collision with an automobile. He alleges the trial court erroneously instructed the jury that a minor in violation of a bicycle safety ordinance is negligent as a matter of law.

On April 24, 1979, at approximately 9:45 p.m., a bicycle ridden by Donald T. Bauman, the plaintiff, collided with an automobile driven by Robert S. Crawford, the defendant. The plaintiff at the time of the accident was 14 years 4 months old, was an experienced bicyclist and had traveled the route he was traveling many times. The collision occurred at the intersection of N.E. 92nd and 1st N.E. in Seattle when the defendant Crawford made a left turn in front of the plaintiff. The plaintiff's bicycle was equipped

with reflectors, but had no headlight.

Plaintiff sustained a fracture of the tibia and fibula about 2 to 3 inches below his left knee. Due to the danger of loss of the leg, surgery was performed that night. Pins were inserted through the bone to properly align and immobilize the fracture.

Plaintiff remained in the hospital for about 10 days and was confined to a wheelchair for a month thereafter. His leg was then placed in a straight cast which was replaced by a 90–degree angle cast after 2 weeks. This cast was removed after 2 months, but plaintiff remained on crutches for several additional weeks. Further surgery was performed on April 29, 1980 and on May 2, 1980.

The plaintiff by his guardian ad litem, John H. Chapman, and Lydia Bauman, plaintiff's mother, filed an amended complaint in May of 1980, asserting negligence on the part of the defendant due to his failure to yield the right of way. Defendant's answer alleged contributory negligence on the part of the plaintiff as an affirmative defense.

Prior to trial, Lydia Bauman was voluntarily dismissed without prejudice from the action. The jury rendered a verdict of $8,000 for the plaintiff reduced by 95 percent comparative negligence, resulting in a verdict of $400. Judgment was entered on February 9, 1982. The plaintiff appeals.

The sole issue is whether a child, 14 years 4 months of age, can be held to be negligent per se for violation of bicycle safety laws.

The jury was instructed on the duty of ordinary care (instruction 7) as follows:

> *Ordinary care* means the care a reasonably careful person would exercise under the same or similar circumstances. When referring to a child, ordinary care means the same care that a reasonably careful child of the same age, intelligence, maturity, training and experience would exercise under the same or similar circumstances.
>
> *Negligence* is the failure to exercise ordinary care. It is the doing of some act which a reasonably careful person would not do under the same or similar circumstances or

the failure to do something which a reasonably careful person would have done under the same or similar circumstances.

*Contributory negligence* is negligence on the part of a person claiming injury or damage which is a proximate cause of the injury or damage complained of.

The jury was further instructed (instruction 10) that:

Seattle ordinances provide:

Traffic laws apply to persons riding bicycles. Every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle.

. . .

Every bicycle when in use during the hours of darkness shall be equipped with a lamp on the front which shall emit a white light visible from a distance of at least 500 feet to the front and with a red reflector on the rear of a type approved by the state commission on equipment which shall be visible from all distances from 100 to 600 feet to the rear when directly in front of lawful lower beams of head lamps on a motor vehicle.

There is no dispute that the above stated instructions substantially conform with municipal and state law. *See* Seattle Municipal Code 11.44.160; RCW 46.61.780(1).[1] Nor does the plaintiff find such instructions objectionable. Rather, he excepts to the following jury instruction (instruction 11):

The violation, if you find any, of an ordinance is negligence as a matter of law. Such negligence has the same effect as any other act of negligence. Therefore, it will not render a defendant liable for damages nor bar or decrease recovery on the part of a plaintiff claiming injury or damage unless you further find that such negligence was

---

[1] RCW 46.61.780(1) states:

"(1) Every bicycle when in use during the hours of darkness as defined in RCW 46.37.020 shall be equipped with a lamp on the front which shall emit a white light visible from a distance of at least five hundred feet to the front and with a red reflector on the rear of a type approved by the state commission on equipment which shall be visible from all distances from one hundred feet to six hundred feet to the rear when directly in front of lawful lower beams of head lamps on a motor vehicle. A lamp emitting a red light visible from a distance of five hundred feet to the rear may be used in addition to the red reflector."

a proximate cause of the claimed injury or damage.

Negligence as a matter of law will not render a defendant liable for damages nor bar or decrease recovery on the part of a plaintiff if you find that it is due to some cause beyond the violator's control, and which ordinary care would not have guarded against.

The plaintiff concedes that the failure to comply with such law would constitute negligence per se had he been an adult. However, he contends that a minor cannot be negligent per se by violating a statute or ordinance unless he or she is engaged in adult mechanized activity, and that the operation of bicycles does not constitute such adult activity. He urges this court to hold the negligence per se rule inapplicable to all minors. We do not agree.

Generally, violation of a statute or ordinance constitutes negligence per se where such legislative enactment is found to be exclusively or in part:

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

*Young v. Caravan Corp.,* 99 Wn.2d 655, 659–60, 663 P.2d 834 (1983) (quoting Restatement (Second) of Torts § 286 (1965)). "The violation of a statute relating to the rules of the road is negligence per se." *Krause v. McIntosh,* 17 Wn. App. 297, 301, 562 P.2d 662 (1977).

A conflict, however, arises when a child is alleged to have violated an ordinance or statute. *See* Annot., *Child's Violation of Statute or Ordinance as Affecting Question of his Negligence or Contributory Negligence,* 174 A.L.R. 1170 (1948); Annot., *Modern Trends as to Contributory Negligence of Children,* 77 A.L.R.2d 917 (1961).

For children past their sixth birthday, the capacity to be contributorially negligent is a question of fact measured by the child's age, intelligence, experience and

knowledge of the surrounding circumstances, unless the minor engages in an activity normally reserved for adults. *Renner v. Nestor,* 33 Wn. App. 546, 549, 656 P.2d 533 (1983); *see* WPI 10.05.[2] The exception to the general rule governing children's conduct is based on the rationale that "when the activity a child engages in is inherently dangerous, as is the operation of powerful mechanized vehicles, the child should be held to an adult standard of care." *Robinson v. Lindsay,* 92 Wn.2d 410, 413, 598 P.2d 392 (1979).[3] Other jurisdictions have held that the operation of a bicycle is not generally considered to be such an adult activity. *Caradori v. Fitch,* 200 Neb. 186, 263 N.W.2d 649 (1978); *Herrell v. Pimsler,* 307 F. Supp. 1166, 1170 (D.D.C. 1969); *Bixenman v. Hall,* 251 Ind. 527, 242 N.E.2d 837 (1968); *Daniels v. Evans,* 107 N.H. 407, 224 A.2d 63 (1966).

The majority rule is that the violation of a statutory norm is not in and of itself negligence per se,

but may be considered in determining whether the minor met the special standard of conduct which would ordinarily be exercised by a minor of like age, intelligence, experience and capacity under similar circumstances.

*Alley v. Siepman,* 87 S.D. 670, 676, 214 N.W.2d 7 (1974); *see Hartford Ins. Co. v. Universal Elec. Co.,* 97 A.D.2d 498, 468 N.Y.S.2d 15 (1983). *Poczkalski v. Cartwright,* 65 A.D.2d 945, 410 N.Y.S.2d 488 (1978); *Stevens v. Hall,* 391 A.2d 792 (D.C. 1978); *Herrell v. Pimsler, supra* at 1169; *Brown v. Connolly,* 62 Cal. 2d 391, 398 P.2d 596, 42 Cal. Rptr. 324 (1962); *Simmons v. Holm,* 229 Or. 373, 367 P.2d

---

[2]In the Note on Use, WPI 10.05, we find:

"Do not use this instruction if the child is operating a motor vehicle or otherwise engaged in an adult mechanized activity. The adult standard of care applies to such a case."

[3]The Comment to WPI 10.05 states, in part:

Robinson v. Lindsay, 92 Wn.2d 410, 598 P.2d 392 (1979) holds that it was error to give WPI 10.05 in a case where a 13 year old boy was operating a snowmobile. The court held that the adult standard of care applies where a child is engaged in such an adult activity.

We note that in a number of countries of the world, the bicycle is a major form of transportation for all old enough to ride.

368 (1961); Annot., 174 A.L.R., *supra;* 57 Am. Jur. 2d *Negligence* § 375 (1971). This analysis was recently adopted by the court in *Renner v. Nestor, supra.*

> Assuming (without deciding) such violation would ordinarily be negligence per se or prima facie negligence, those concepts are in conflict with the enlightened rule that conduct of children is to be measured, not by adult standards, but the standard of reasonable behavior in children of similar age, intelligence and experience. We have long recognized this standard. In these cases where the two principles collide—where statute and child meet—the better reasoned decisions hold a child is not to be charged with negligence per se even though his conduct may involve violation of a statute which relating to an adult would require application of that rule.

33 Wn. App. at 550 (quoting *Rosenau v. Estherville,* 199 N.W.2d 125, 129 (Iowa 1972)).

*Renner* involved a 12–year–old pedestrian who was struck by an automobile while crossing a highway. The court held that it was reversible error where, as here, instructions present the jury with conflicting standards by which to measure a child's conduct. In other words, instructions which subject a child to negligence per se for violation of a statute (adult standard), while also allowing the jury to apply the child standard of care, provide inconsistent decisional standards requiring reversal. *Renner,* at 549–50.

Notwithstanding *Renner v. Nestor, supra,* however, Washington law has reached a different conclusion in circumstances involving minors riding bicycles. In *Everest v. Riecken,* 26 Wn.2d 542, 546, 174 P.2d 762 (1946), the court expressly held that a minor child was guilty of negligence per se for operating his bicycle at night without a headlight in violation of a statute. On appeal after remand, the court further specifically rejected the minor's request for an instruction directing the jury to take into consideration his age, experience, and knowledge in its determination of contributory negligence. The court stated:

The appellant was, at the time of the accident, fifteen years and four months of age and in the ninth or tenth grade. The only negligence referred to in the instruction was that of riding the bicycle without a lighted head lamp. He admitted that he knew a head lamp was required, and that he knew the purpose of the requirement. His violation of Rem. Rev. Stat., Vol. 7A, § 6360–20 [P.P.C. § 291–13], constituted negligence *per se,* and the only issue properly to be presented to the jury in connection therewith was whether that negligence was a proximate cause of the collision; and, as to that, his knowledge, experience, and prudence or lack thereof had no bearing.

*Everest v. Riecken,* 30 Wn.2d 683, 690, 193 P.2d 353 (1948). *See Young v. Caravan Corp., supra* at 661 (citing *Everest v. Riecken,* 30 Wn.2d 683, for the proposition that "[w]here a tort victim violates a statute designed for the protection of the victim, . . . we have not hesitated to find contributory negligence as a matter of law."). "Contributory negligence as a defense is not made out, however, unless such negligence is shown to be a proximate cause of the injury by contributing thereto so that but for the negligence the injury would not have occurred." *Everest,* 26 Wn.2d at 546; *see Briggs v. United Fruit & Produce, Inc.,* 11 Wn.2d 466, 119 P.2d 687 (1941).

■■ It is significant to note that in 1951, the Legislature enacted a provision regulating the operation of bicycles upon public highways and bicycle paths which stated, in part:

That no violation of this act by any child under the age of sixteen years, or by a parent or guardian of such child shall constitute negligence *per se* in any civil action brought or defended by or in behalf of such child.

Laws of 1951, ch. 76, § 9, p. 214 (later recodified as RCW 46.47.090). This required the determination of contributory negligence of a child under 16 years of age to be resolved by the trier of fact and not by the court as a matter of law. *Johnson v. Northern Pac. Ry.,* 66 Wn.2d 614, 618–19, 404

P.2d 444 (1965). This provision was repealed in 1965.[4] Laws of 1965, 1st Ex. Sess., ch. 155, § 91, p. 2323. "When a material change in a statute is made, a change in legislative intent is presumed." *Benson v. Roberts,* 35 Wn. App. 362, 364, 666 P.2d 947 (1983). Consequently, we presume that the Legislature intended that the violation of statutory regulations applicable to bicycles constitutes negligence per se provided the operator is over 6 years of age. There is a conclusive presumption that a child under 6 years of age is incapable of negligence. *Seholm v. Hamilton,* 69 Wn.2d 604, 608-09, 419 P.2d 328 (1966). *Everest v. Riecken,* 30 Wn.2d 683, 193 P.2d 353 (1948) continues to be the controlling law in this jurisdiction.

Once a bicyclist, adult or child, utilizes the roads of our state, he or she becomes subject to all the traffic laws applicable to motor vehicles. RCW 46.61.755. We recognize that riding a bicycle on private property or a playground may be a traditional childhood activity which is not inherently dangerous. However, riding a bicycle on roads accessible to motor vehicles subject to traffic regulations is capable of resulting in "'grave danger to others and to the minor himself if the care used in the course of the activity drops below that care which the reasonable and prudent adult would use . . .'" *Robinson v. Lindsay,* 92 Wn.2d 410, 413, 598 P.2d 392 (1979) (quoting *Daniels v. Evans,* 107 N.H. 407, 408, 224 A.2d 63 (1966)).

We hold that the trial court properly instructed the jury that violation of an ordinance constituted negligence as a matter of law. The fact that the trial court also instructed the jury on the traditional child's standard of duty of care

---

[4]Although Seattle Municipal Code 11.44.320 has retained the language repealed by the Legislature in 1965, to wit, "no violation of the chapter by any child under the age of sixteen years, or by a parent or guardian of such child shall constitute negligence per se in any civil action brought or defended by or in behalf of such child", neither party urges its application on appeal. We therefore need not decide its validity or its applicability to the instant appeal.

There is *no* state statute now in existence which makes a violation of the rules of the road pertaining to the operation of bicycles *not* negligence per se.

does not require reversal. *Cf. Renner v. Nestor, supra.* The juvenile was over 14 years of age, experienced in the operation of bicycles, and required to be familiar with the traffic regulations concerning their operation. Although he testified that he was unaware of the requirement, he admitted that his bicycle was *not* equipped with a light when the accident occurred in violation of Seattle Municipal Code 11.44.160 and RCW 46.61.780(1). Hence, he was negligent as a matter of law. The jury needed only to determine whether and to what extent his negligence proximately contributed to his injuries and properly did so. In light of our disposition of this issue, we need not reach the other issue raised by the appellant.

The judgment is affirmed.

DURHAM, C.J., and ANDERSEN, J., concur.

Review granted by Supreme Court November 2, 1984.